### Southwick and others *vs.* Sax.

Where a creditor receives an order or draft from his debtor upon a third person for a given sum alleged by the debtor to be due *within a few days* and the creditor takes the notes of such third person, payable in six and nine months, he makes the debt his own, and in case of non-payment of the notes cannot call upon his debtor for the amount of the draft.

This was an action of assumpsit, tried at the Rensselaer circuit in June, 1829, before the Hon. William A. Duer, then one of the circuit judges.

The plaintiffs proved demands to the amount of $1394,35. The defendant, on his part, proved that about the 15th October, 1826, he gave one of the plaintiffs an order on J. R. Van Rensselaer for $1143,84, being the amount of a quantity of logs sold by him to Van Rensselaer, telling him that the logs were to be paid for at farthest by the 1st of November then next. The order was presented by the plaintiffs to Van Rensselaer, who declined accepting it until he could see his agent, who he alleged had made the purchase of the logs, and ascertain from him the terms of the purchase. Shortly thereafter Van Rensselaer called on the plaintiffs and told them that he had been informed that the logs had been purchased at a cred-

it of six and nine months, and the plaintiffs accordingly took his notes for the amount, bearing date 20th September, 1826, payable without interest, half in six, and the residue in nine months, and gave up the order. The defendant having been apprised of what had been done, wrote the plaintiffs on the 6th December, 1826, that he would claim to be credited the amount of his order of 4th November, 1826, and that they must look to Van Rensselaer for payment. The defendant proved by two witnesses that the agreement at the time of the sale was that the logs should be paid for at farthest by the first of November; the agent of Van Rensselaer, however, testified that they were sold on a credit of three, six and nine months, or six and nine months. The notes of Van Rensselaer have not been paid. On these facts appearing, the presiding judge expressed his opinion that the receiving of the notes of Van Rensselaer by the plaintiffs was, as it related to the defendant, a payment of the order drawn by him, and that the plaintiffs were bound to account to him for its amount, with the interest thereof since 4th November, 1826. Whereupon the plaintiffs submitted to a nonsuit, with leave to move to set the same aside, and for a new trial.

*J. Paine,* for the plaintiffs.

*D. Gardner,* for the defendant.

*By the Court,* SUTHERLAND, J. The order in question, if negotiable, was in effect a bill of exchange, drawn by the defendant upon Van Rensselaer at sight, in favor of the plaintiff. 1 *Wendell,* 522, *and cases there cited.* But whether it was a bill of exchange or not, the plaintiffs had no right to extend the time of payment by an arrangement which bound the defendant, and might operate injuriously upon his rights. The order upon Van Rensselaer was absolute for a specific liquidated sum, and payable on sight. The plaintiffs had nothing to do but to present it, and if payment was refused, to return it to the defendant, and leave him to enforce his rights in such manner as he might think expedient or proper. The plaintiffs were not the agents of the defendant, with general powers to

adjust a disputed account, and take such security, and upon such credit as they pleased. There was nothing to adjust. The amount was liquidated, and besides the legal import of the order, they were expressly informed by the defendant, when the order was given, that the amount was then due from Van Rensselaer, or would be by the 1st of November, which was a few days thereafter. When the plaintiffs, therefore, undertook to extend credit to Van Rensselaer for six and nine months, and took his note to themselves at those periods, and surrendered to him the original order, they made the debt their own. I question very much whether it was in the power of the defendant to have disaffirmed the arrangement, and to have prosecuted Van Rensselaer upon the original contract before the extended credit had expired. 1 *Cowen,* 711. The order was equivalent to an assignment of the demand to the plaintiffs. The whole amount was due and coming to them. It is not the case of a mere agent transcending his authority, but of an assignee of a chose in action treating with the debtor, and by arrangement obligatory at all events as between them, taking a new security at an extended credit. The assignor, in such a case, stands in the relation of a surety to the assignee, and is discharged, if the assignee, by a binding contract with the debtor, enlarges the time of payment. No principle is better settled, and it appears to me to be strictly applicable to this case. 2 *Ves. jun.* 540. 2 *Bro. Ch. Cas.* 579. 2 *Caines Cases in Error,* 57. 12 *Johns. R.* 425. 15 *id.* 433. 16 *id.* 70. 1 *Holt,* 84. 4 *Bingh.* 717. 15 *Com. Law R.* 126. *Chitty on Bills,* 371 to 379, note *c.* *Arundle Bank* v. *Goble,* 5 *Wendell,* 501, *where most of the cases are collected.*

The motion for a new trial must therefore be denied.