OF THE STATE OF ARKANSAS. 651

Term, 1856.]                    Owens use of Wallace vs. Chandler.

## Owens use of Wallace vs. Chandler.

Upon a plea of payment to an action upon a specialty or record, the burden of proof is upon the defendant; and, under such plea, he may prove the payment of a less sum than that claimed in the declaration, by way of reduction of the debt or recovery.

The law does not warrant the giving of instructions presenting abstract questions, as to which there was no evidence introduced from which the jury could have been authorized to infer the fact assumed in the instructions.

The payment of a debt, no matter by whom effected, whether by the debtor, or his agent, or a stranger, can be nothing more or less than its extinguishment as a demand.

Under the plea of payment, evidence of accord and satisfaction, is inadmissible: and it is error in the court to instruct the jury, on the trial of an issue to such plea, that if they believe, from the evidence, that the plaintiff had received such satisfaction, or that he had received any sum in satisfaction of his debt, they must find for the defendant.

*Appeal from the Circuit Court of Hempstead County.*

The Hon. Thomas Hubbard, Circuit Judge.

S. H. Hempstead, for the appellant. A payment made by a stranger, without the consent of the defendant, and where there is no privity of contract, cannot amount to an extinguishment of a judgment. To produce that result, it must be made by the defendant, or with his authority and consent, express or implied.

Mr. Justice Hanly delivered the opinion of the Court.

The appellant, on the 14th day of September, A. D. 1854, commenced his action of debt in the Hempstead Circuit Court, on a transcript of a judgment recovered in his favor against the ap-

pellee, in the Circuit Court of Benton county, Alabama, at its spring session of 1845.

It appears from the record sent up to this court, that the appellee in the court below, interposed the plea of payment, as his only defence, and that issue was made up on this plea; that this issue was tried by a jury; that they found the issue for the appellee; that judgment was rendered on the verdict, and in conformity therewith. It also, appears, that all the evidence introduced, at the trial, was the testimony of a single witness on the part of the appellee, one Emory Chandler, who testified, that he was well acquainted with both the parties to this suit; that he first knew them in Alabama; that the appellee left that State some five or six years since, and removed to this; that he also knew of the appellant bringing a suit against the appellee in the Circuit Court of Benton county, Alabama, and of his recovery of judgment therein; that he had been informed, from some source or other, that execution was issued on the judgment so recovered, and returned by the sheriff "no property found," that suit had been brought or motion for judgment made against the sheriff of Benton county, Alabama, for not making the amount of such execution; that after this, he heard the appellant say, that the sheriff of Benton county "had paid him one hundred dollars on account of the judgment sued on in this case, and that he was satisfied." To so much of which statement as pertained and applied to the payment of the one hundred dollars, under the pleadings in the cause, the appellant objected at the time, and his objection thereto being overruled, he excepted.

On this state of facts and the case, the appellant moved the court to instruct the jury:

1st. That if they believe, from the evidence, that the sum of one hundred and thirty two 52-100 dollars, with 6 per cent. interest thereon from the 20th day of October, A. D. 1845, has not been paid in full, then they must find for the plaintiff.

2d. That if they believe, from the evidence, that there was no privity between the sheriff of Benton county, Alabama, and the

defendant, and that the payment by the said sheriff, of one hundred dollars to the plaintiff, was to relieve himself from the penalty of official neglect, they must find for the plaintiff.

3d. That unless the defendant has proven that the defendant or some agent for him, paid or satisfied the said sum of one hundred and thirty two 52-100 dollars, with 6 per cent. interest from the 20th October, 1845, then they must find for the plaintiff.

And the counsel for the appellee also desiring instructions, asked the court to give the following:

1st. That if the jury believe, from the testimony, that the plaintiff, John A. Wallace, for whose use this action was brought, received payment and full satisfaction of said judgment, they must find for the defendant.

2d. That if the jury believe, from the evidence, that the said plaintiff, Wallace, acknowledged that he had received satisfaction of said judgment debt from any person, at any time since its rendition, they will find for the defendant.

3d. If the jury believe, from the evidence, that the said Wallace received any sum from any person, whatsoever, in satisfaction of said judgment, they must find for the defendant.

The appellee asked for two other instructions, which were refused by the court; but, as they are not involved in the bills of exceptions or assignments of error, we will not set them out, or notice them further.

The first and third instructions as asked for by the appellant, were given, and the second one refused.

The appellant objected to all the instructions asked for by the appellee; but the court gave the first, second, and third, as above. To the giving of which instructions, on the part of the appellee, and refusing to give the second one asked for by the appellant, he excepted and appealed to this court for redress; and he now assigns four causes wherefore the judgment of the Circuit Court should be reversed, that is to say:

1st. That the court, on the trial, permitted Emory Chandler, a witness of the defendant, to give incompetent and improper evidence against the objection of the plaintiff.

2d. That the court refused the second instruction asked for by the plaintiff.

3d. That the court gave in charge to the jury, the first, second, and third instructions asked for by the defendant.

4th. That the said judgment was rendered for the defendant, when by the law of the land, such judgment should have been given for the plaintiff.

Having thus given as full statement of the case, and the facts of it, as will make our views of the law presented by the record intelligible and understood, we propose, without further remark, to proceed to the consideration of the several errors assigned, in the order in which they are assigned.

As to the first error, then, did the court below err in permitting Emory Chandler, the witness for the appellee, to testify in the manner shown?

To determine this, we have to look to the issue tried in the Circuit Court, and consider what evidence was necessary and material. The issue tried was upon a formal and technical plea of payment; and was, therefore, responsive to the demand set out and claimed in the declaration. The defence, of payment, may be made under the general issue in assumpsit; but, in an action of debt, on a specialty or record, it must be specially pleaded. In either case, however, the burden of proof is on the defendant, who must prove the payment of the money, or something accepted in its stead, made to the plaintiff or some person authorized in his behalf to receive it. See 2 *Greenl. Ev.*, 491, *sec.* 516.

It was, therefore, of course, material for the defendant in the case at bar, to prove payment of the sum demanded, in some one of the modes known to the law. It is insisted, however, by the counsel for the appellant, that the testimony of the witness, Chandler, was immaterial for the reason, that it did not go to the support of the issue to the full extent. Let us examine this point, therefore, and determine whether this argument of the appellant is not based upon premises unwarranted by both the letter and spirit of the law. As we before remarked, (and we believe it is

a principle of universal application,) every plea must be a full and complete answer or response to the entire declaration. This, though, is a rule, which is alone applicable to pleading in a technical sense. The question at hand is one which does not grow out of pleading, but is wholly one involving the principles and law of evidence applied to a particular state and condition of pleading. In this view, then, we propound, is it competent to prove partial payment under an issue of full payment? We apprehend there can be no doubt, that if payment of the whole sum demanded is pleaded, but the proof is of the payment of part only, the defendant is entitled to the benefit of the evidence by way of reduction of the debt or recovery, if the action was debt, and of the damages, if the action was one sounding in damages. See *Lord vs. Ferrand*, 1 *Dowl. & L.* 630; 2 *Greenlf. Ev.* 491, note 1.

Apply this principle, then, to the testimony of Chandler, and we conceive it clear, that it was material for the appellee; and was, therefore, correctly and properly admitted by the Circuit Court against the objections of the appellant.

Having thus disposed of the first error assigned by the appellant, we will proceed to the consideration and determination of the others, in the order in which they are respectively presented.

It is insisted by the counsel for the appellant, that the Circuit Court erred in refusing to give the second instruction asked by him. We are at a loss to divine the principle of law which would have authorized the court below to have given this instruction, for the reason that we esteem it as presenting an abstract question, not warranted by the rules of law in such cases, as there was no evidence whatever introduced, from which the jury could have been authorized to infer that the payment of the one hundred dollars, proved to have been made by the sheriff of Benton county, Alabama, to Wallace, was made on account of the suit or proceeding supposed to be instituted against him for official neglect to make the money out of the appellee. But we apprehend the effect of the payment by the sheriff of Benton county,

could not be changed in the slightest degree, whether it proceeded from the cause assumed, or from the fact of his relation to the appellee, as agent, constituted for the purpose of payment: for payment of the entire debt to the appellant, or his agent, whether by the appellee or a stranger, would be an extinguishment thereof, as between the original creditor and debtor. See 1 *Saunders on Plead. & Ev.* 618; *Tarver vs. Rankin,* 3 *Kelly's Rep.* 214; *Harrisons vs. Hicks,* 1 *Porter's Rep.* 430.

The proposition that a debt, as between the debtor and creditor, can only be discharged by the payment by the debtor, or his agent, is a palpable solecism ; for we are clear that the payment of a debt, no matter by whom effected, can be nothing more or less than its extinguishment as a demand, notwithstanding the concession, which we think proper to make : *i. e.,* that the payment of a debt, by a stranger to the debtor, might not and would not possibly create and constitute the original debtor, a debtor to the volunteer. But as this point is not fairly and fully before us, in the case at bar, we do not desire to be understood as expressing any settled or fixed opinion in relation to it, as upon deliberation hereafter, when the point is more thoroughly presented, we may have occasion to qualify or recede from the opinion already indicated on this point; and besides this, it is not our purpose to anticipate any question, but simply to decide those that legitimately arise in those cases under adjudication.

We have said there is no evidence in the record, from which the jury could have possibly inferred that the payment of the one hundred dollars, by the sheriff of Benton county, was made on account of any dereliction of duty on his part, for it is not stated by the witness, Chandler, that such was the fact; but, on the contrary, that witness distinctly stated that Wallace told him that the payment of the one hundred dollars was made him "on account of the judgment, the foundation of this action." But we are not left to this alone, as the basis of the conclusion to which we have reached on the subject, for on inspection of the transcript from the record and proceedings had in Alabama, copied

in the record sent to this court, no execution is shown to have ever been issued on the judgment rendered in Alabama. We are, therefore, bound to infer, that the statement made by the witness, Chandler, to the effect, that suit had been brought or motion made against the sheriff of Benton county, on account of official neglect in making the money out of the appellee, was predicated on gossip, or the idle talk of those who spoke without accurate knowledge in reference thereto. We think, therefore, there is no error in the proceedings of the Circuit Court, on account of the refusal of the judge to give this instruction.

This brings us, in due course of investigation, to the consideration of the third error assigned by the appellant. Did the court below err in giving the first, second, and third instructions asked for by the appellee? As to the first, we think, clearly not. But, as to the second and third, we are of the opinion that the jury may have been, and probably were, misled by the directions and instructions of the court.

The word, "payment," used in these instructions, is not a technical term : it has been imported into law proceedings from the exchange, and not the Law Treatises. When used in pleading, in respect to cash, it means immediate satisfaction : but when applied to the delivery of a bill, or note, or other collateral thing, it does not necessarily mean *payment in immediate satisfaction and discharge of the debt;* but may be taken in its popular sense, as delivery only. See 2 *Greenlf. Ev.* 491, *sec.* 516. Payment, therefore, means one thing, and satisfaction, or accord and satisfaction, another; each being understood and comprehended by the professional reader, in its proper and appropriate sense. Accord means the tendering of something of value in discharge of a pre-existing debt or liability. It is, therefore, executory, and is not executed until the tender is accepted, when the accord, *eo instanti,* becomes satisfaction; or, in other words, a virtual acknowledgment of a discharge of the debt or liability. See 2 *Greenlf'.s Ev.* 28, *et seq.*

The issue in the court below, presents one state of facts, and

the testimony adduced on the trial, illustrates another and different one. Payment was pleaded and the proof shows that the payment made was not a satisfaction of the debt demanded; because, a debt is not paid or satisfied until it is discharged, *in eo numero.* Payment, in part, is only a part discharge from the demand, when fully pleaded: whilst, if accord and satisfaction had been pleaded, and a lesser amount proved to have been delivered before the day, or at a different place than the one fixed for the payment of the debt originally, an acceptance of a lesser amount than the sum really due, would unquestionably be held a satisfaction of the greater debt or amount.

In the case under consideration, payment was the plea, and evidence of accord and satisfaction introduced. Can such proof, in the latter case, be received and accepted to maintain and sustain the issue in the former? We unhesitatingly say not; and presume no instance or precedent can be found to establish the converse of this proposition. It is the payment of the debt in money, or property accepted, in case such as the one under consideration, and not the acknowledgment of payment, which operates as an acquittance, or discharge from the obligation of indebtedness; for an acknowledgment of payment is but affording evidence of the payment; whilst payment, technically speaking, is the act itself, which produces the effects incident to it, and which we have enumerated and stated. This, therefore, disposes of the third assignment of errors, so far as it relates to the second instruction asked for by the appellee, and given by the court, at the trial below, which we say, for the reasons before indicated, was an improper direction to the jury.

In determining the third assignment of errors, as far as it relates to the second instruction asked for by the appellee, and given by the court, we have, in a great measure, determined that assignment, so far as it pertains to the third instruction asked for and given to the jury at the instance of the same party. To say that if Wallace, the appellant, had received "any sum from any person in satisfaction of the judgment" sued on, it would amount

to a payment, we are satisfied is going farther than the learned counsel for the appellant would seriously insist upon, or the law at all warrant; for, as we have before stated the law to be, payment must be co-extensive with the debt in amount, and the payment of a lesser amount will not do, except for the purpose of diminishing the recovery. To have made the proof, therefore, in this case available to the appellee, he should have interposed the plea of accord and satisfaction; and possibly his third instruction, as given by the court, might have been applicable to the proof and issue; particularly, if the accord had been tendered and accepted before the day, or at a different place than that appointed for the payment of the debt in the original contract. We, therefore, hold that this instruction, like the second, was improperly given by the Circuit Court; and as the verdict was for the appellee, upon the two erroneous instructions on his part, we are constrained to intend that the jury would not have so found if the law had not been mistated to them, as before shown. Wherefore, the judgment of the Circuit Court of Hempstead county is reversed.