Tuttle v. Chapman, et al.

## TUTTLE v. CHAPMAN, *et al.*

1. PAYMENT: ORDER.   Where the maker of a promissory note gave to the payee an order on a third party, with an agreement that if collected it should be applied on the note, and the payee delivered up the order to the drawee, and took his note for the amount thereof, payable to himself, at a future time fixed, it was held that the drawer was entitled to credit on his note, though the note executed by the drawee was not collected.

*Appeal from Floyd District Court.*

SATURDAY, JUNE 9.

ACTION on a promissory note.   The answer alleged, among other defenses, that on the 11th day of November, 1857, John C. Bishop gave the plaintiff an order for the sum of twenty-five dollars, on one James Griffith.   The other facts are stated in the opinion of the court.

*J. G. Patterson* for the appellant.

*Poindexter* for the appellee.

LOWE, C. J.—The refusal of the court to instruct the jury that a certain order of twenty-five dollars described in the bill of exceptions, should be regarded as a payment to that extent upon the plaintiff's demand, is the only error charged in this case.

This instruction was asked upon the following state of facts, as shown by the bill of exceptions. On the trial it was proved that the plaintiff received from the defendant Kelly, an order of $25.00 drawn by John Bishop, upon one James Griffith, which if collected, was to apply as a payment upon the plaintiff's claim.

It was presented for payment by plaintiff to Griffith, who accepted and took the same up, by giving his note to plaintiff, payable in three months.

The court was requested to say to the jury that if they believed from the evidence that the plaintiff took from Griffith a new note payable to himself in lieu of the order which was given up and canceled, and granted to Griffith an extension of three months on the note, that this would be a payment of the order in the sense of the law, and that the jury should credit the plaintiff's demand with that amount. The court refused the instruction as asked, but did charge the jury that they should not allow the credit unless the defendant proved that Griffith had actually paid said note. This is believed to be error. It is true the plaintiff received the order from the defendant, Kelly, to be credited on his demand, on condition it was collected. But this arrangement did not confer upon him the right to change the character of the paper, to release the parties to the order, canceling the same, taking a new obligation from the accepter, payable to himself, and extending the time of payment three months. This was such a change in the right and obligations of the parties to the order that they were severally discharged.

The plaintiff made the claim against Griffith, his own, changing its terms and conditions and it follows as a matter

of justice and right, that the defendant Kelly should have had upon trial a credit to the amount of the order, and this would be· so whether the order in question was so drawn as to make it negotiable, or mercantile paper, or not. The cause will be remanded to be tried again in accordance with this opinion, unless the plaintiff will credit the judgment with the $25.00, with the accruing interest thereon, in which event the judgment will stand affirmed.

Judgment affirmed.