Freeman *v.* Benedict.

---

### GEORGE FREEMAN *vs.* WILBUR F. BENEDICT.

The defendant purchased a yoke of oxen of the plaintiff, and soon after delivered to him a negotiable note of a third party, payable at bank to the order of the defendant, not then due. The defendant testified that the plaintiff took it in payment; the plaintiff testified that he took it only to present at the bank and get payment; and there was no other evidence. Both parties were ignorant of the nature of such a note, and it was not endorsed by the defendant and nothing was said about an endorsement. In an action of assumpsit for the price of the oxen, to which the defendant pleaded the general issue with notice of the delivery of the note in payment, the court held that, as matter of law, the burden of proof with regard to the note was on the defendant, and, regarding the evidence as equally balanced, decided that the plaintiff was entitled to recover. Held to be correct.

The mere fact that the plaintiff had received the note from the defendant did not make a *primâ facie* case of payment, that fact being consistent with either purpose claimed by the parties.

And the non-indorsement of the note by the defendant was not to be regarded as showing that he did not intend to be holden for its goodness. This, with all the other circumstances attending the transaction, was proper to be considered, but the law would attach no special significance to it.

It appeared that when the note became due the maker had property and the note was collectible, but that the plaintiff took a new note from the maker without the defendant's knowledge, and that the maker became insolvent before the new note became due. Held that this conduct on the part of the plaintiff was sufficient to discharge the defendant from further liability, even if the first note was not received as payment.

But it appeared that the defendant in the court below set up in his notice only that the note was delivered in payment, and did not claim that this conduct of the plaintiff was in itself a defense, but that it changed the burden of proof in respect to the purpose for which the note was received. Held that, while this evidence had some bearing on this question and as such had been considered by the court below, yet that the law gave no special force to it.

ASSUMPSIT, for the price of a yoke of oxen sold by the plaintiff to the defendant; brought to the Court of Common Pleas for the county of Fairfield, and tried, on the general issue, closed to the court, before *Brewster, J.*

The notice attached to the plea was as follows:

"The plaintiff will take notice that the defendant will claim, and offer evidence to prove, that after the cause of action in the declaration mentioned originated, the defendant heretofore, to wit, on the 25th day of September, 1868, delivered to the plaintiff a certain promissory note, made by one Daniel M. Hall, of $170, and thereafter, to wit, on or about the 10th day of October, 1868, the defendant delivered to the plaintiff $20 in money, and that said note and money were paid to and accepted by the plaintiff in full payment, satisfaction and discharge of said cause of action, and that the plaintiff took said note in accordance with his promise and agreement, before that time made to and with the defendant, as part of the consideration for said oxen, without the indorsement of the defendant on said note, and without recourse to him; and this the defendant is ready to verify."

The court rendered judgment for the plaintiff for the sum of $192.95 and his costs, and the defendant moved for a new trial. The points made in the motion are sufficiently stated in the opinion.

*Sturges* and *Thompson*, in support of the motion.

*Wooster*, contra.

SEYMOUR, J. The plaintiff declares on the common counts in assumpsit for the price of a yoke of oxen sold by him to the defendant. The Court of Common Pleas having rendered judgment for the plaintiff, the defendant moves for a new

trial. The motion at great length sets out the claims of the parties and the evidence whereby these claims were supported. The question however resolves itself into one of law, arising upon facts found by the court below to be substantially as follows :—

The plaintiff sold to the defendant a yoke of oxen. About ten days after the sale he called on the defendant for payment. The defendant had no money, but had a note against one Hall, payable at bank to the order of the defendant. The plaintiff took this note, and, as defendant claimed and testified, received it towards payment, as far as it went, for the oxen. The plaintiff on the other hand claimed and testified that he took the note as a mere means of payment, being told by the defendant that the note upon presentment at the bank would bring the money. Both parties seem to have been ignorant of the nature of such a note, for the defendant did not indorse it, although payable to his order, and nothing appears to have been said by either party about an indorsement.

The court, regarding the testimony of the parties as of equal credit and equally balanced, and there being no other testimony to turn the scale, decided that as matter of law the burden of proof was on the defendant, and that the defendant not having established his defence the plaintiff was entitled to judgment. The defendant now insists before us that the court erred in holding that under the circumstances the burden of proof rested upon him.

We think the decision of the Court of Common Pleas is correct. That court found, as matter of fact, that the defendant became debtor for the oxen. The defence was that this debt had been satisfied. The burden of proving satisfaction was of course on the defendant.

The mere fact that he had delivered to the plaintiff, and that the plaintiff had received from him, Hall's note, did not make a *primâ facie* case of payment. The purpose of the delivery might be as collateral security, and as mere means of satisfaction, or it might be as payment and satisfaction. The fact of delivery is equally consistent with either purpose.

. The defendant contended that the non-indorsement of the note is significant in his favor, as showing that he did not intend to be holden for its goodness. The plaintiff contended that if the note had been received in satisfaction the legal title would naturally have been transferred to him by endorsement, which endorsement might have been without recourse if the note was really to be taken at the plaintiff's risk. Whatever weight these suggestions of counsel may be entitled to on the question of fact, we think there is nothing in the fact of non-endorsement which changes the burden of proof. The defendant must prove his defense. He must satisfy the triers that the note was taken in satisfaction. All the circumstances attending the transaction, including this of non-endorsement, are proper to be taken into consideration, but the law attaches no special significance to the absence of the defendant's name on the note as changing the burden of proof.

Besides the question thus far discussed, the defendant says that it appears from the finding that when Hall's note became due he had property and the note was collectible, and that the plaintiff, instead of enforcing collection, took a new note from Hall without the defendant's knowledge or consent, and that by thus doing the defendant is discharged, Hall having become insolvent before the new note became due. If these are precisely the facts, and all the facts, the defendant would seem to have a good defence, for if the first note of Hall was received as mere security, yet if the plaintiff without the defendant's consent gives time to Hall or discharges him from the old debt, the law is plain that the defendant may by these acts be discharged from further liability.

But in answer to this claim of the defendant it appears, 1st, that the defendant pleaded the general issue and gave no notice of any such defence as that now made ; 2d, it does not appear that any such defence as that now under consideration was presented to the attention of the Court of Common Pleas ; 3d, the finding indicates that the matter now relied on as a defence was connected with other facts which might essentially qualify the main fact relied on.

It does however appear in the record that the defendant claimed before the court below that, the plaintiff having delivered up the first note to Hall and accepted the second without the knowledge of the defendant, the law will presume that the plaintiff received the first note in payment and gave credit to Hall, and that the burden of proof was on the plaintiff to show that it was not so received. It will be noticed that the defendant does not here rely upon the subsequent conduct of the plaintiff as being in itself a defence, but he relies upon it as changing the burden of proof in respect to the purpose for which Hall's note was originally received. The record does not show except by inference what disposition of this claim was made by the Court of Common Pleas; but the result shows that the court did not place on this evidence the artificial value claimed for it of changing the burden of proof. This evidence of the plaintiff's subsequent conduct is admissible against him, and has some bearing on the main issue between the parties whether the first note of Hall was taken and received at the time it was taken in satisfaction and payment, but the law gives no artificial force to evidence of this kind, but properly leaves it, with all its attendant circumstances, to whatever force it naturally has in carrying conviction to the mind of the trier.

We do not advise a new trial.

In this opinion the other judges concurred.