THE ELM CITY LUMBER COMPANY *vs.* GEORGE M.
MACKENZIE.

Third Judicial District, Bridgeport, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Being indebted to the plaintiff, the defendant gave it an order, on *A*,
who in turn gave the plaintiff his (*A's*) note for the amount of the
order, payable three months thereafter, but became insolvent before
its maturity. The plaintiff accepted the note and credited the de-
fendant with the amount thereof, but the latter had no knowl-
edge that the order had not been paid on presentation, or that a
note had been taken by the plaintiff, until after *A* had become in-
solvent. *Held :—*
1. That upon these facts the trial court was justified in deciding that
the defendant was entitled to have the order treated as a payment
or settlement, *pro tanto*, of the plaintiff's claim.
2. That the want of an allegation in the answer that the note was taken
by the plaintiff without the knowledge of the defendant, did not
render the judgment erroneous, in the absence of demurrer or
objection to the evidence.
Under an answer of payment or settlement of a debt, part payment
may be proved as a defense *pro tanto*.
In printing the record the clerk should omit unnecessary items in the
bill of particulars.

Argued April 19th—decided June 14th, 1904.

ACTION to recover the balance alleged to be due for goods
sold and work done, brought to and tried by the Court of

Common Pleas in New Haven County, *Hubbard, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Richard H. Tyner* and *John R. Booth,* for the appellant (plaintiff).

*William A. Wright,* for the appellee (defendant).

HALL, J.   The complaint, dated November 14th, 1902, states the amount of the charges and credits in plaintiff's account with defendant for work done and material furnished, and that the balance due the plaintiff at the time the suit was brought was $207.16, which, by plaintiff's bill of particulars, appears also to have been the balance due August 16th, 1902.

By the first defense of his answer the defendant admits the purchase of goods, etc., from the plaintiff and its assignor, and denies the remaining allegations of the complaint.

By his second defense he admits an indebtedness, on November 30th, 1900, of $182.16, and alleges that " on said date, after the accruing of said debt, and before this action, the defendant delivered to the plaintiff in settlement of said debt an order upon W. T. Smith for $190.34, and the plaintiff received said order in full settlement of said debt, and accepted the note of said W. T. Smith, or the W. T. Smith Company, in payment of the same, said order and note being $8.18 in excess of said debt."

By way of counterclaim the defendant alleges that the plaintiff is indebted to him for said excess of $8.18, and for goods sold by defendant to plaintiff November 31st, 1891, not credited on plaintiff's bill of particulars, to the amount of $25, and asks judgment for the sum alleged to be due him above the plaintiff's claim.

The case is somewhat confused by certain mistakes in the defendant's pleadings.   It is evident that the sum, $182.16, which the defendant admits in his second defense he owed the plaintiff when he gave to the plaintiff the order on W. T.

Smith for $190.34, alleged to have been in settlement of said debt of $182.16, was obtained by deducting the item of $25, which appears in the counterclaim, from the balance, as stated in the plaintiff's bill of particulars of $207.16. But it appears from the finding that the dates of the giving of the Smith order, and of the sale to the plaintiff of the goods of the value of $25, were incorrectly stated in the second defense and counterclaim; the Smith order having in fact been given to the plaintiff November 13th, 1900, instead of November 30th, 1900, as alleged, and the goods of the value of $25, having been sold by defendant to plaintiff November 23d, 1901, instead of November 23d, 1891, as alleged. It is apparent, therefore, that when the order of $190.34 was given to the plaintiff on November 13th, 1900, there was due the plaintiff more than $182.12. The court finds that there was due the plaintiff on that date $207.16. By the plaintiff's bill of particulars it appears that on that date there was due the plaintiff a few dollars more then $207.16.

The judgment-file states that the issues thus framed were found for the defendant, and that judgment was rendered for the defendant for costs. By so finding the issues, the trial court held that against the plaintiff's claim of $207.16 the defendant had a counterclaim of $25 for goods sold, that the acceptance by plaintiff of the note of the W. T. Smith Company was, as between plaintiff and defendant, a payment of the order given to plaintiff by the defendant, as alleged in the second defense, and that therefore the defendant was entitled to a further credit of at least $182.16 beyond those given in plaintiff's bill of particulars.

The general finding in favor of the defendant, of the issues raised by the second defense and counterclaim, is not inconsistent with the special facts found, nor does the judgment appear to be erroneous upon any of the grounds stated in the reasons of appeal.

As to the $25 counterclaim, the finding states that on November 23d, 1901, the plaintiff purchased of the defendant certain parts of an engine at the agreed price of $25, for which no payment has been made.

The real question in dispute between these parties seems to have been whether the defendant was entitled to a credit for the Smith order. As pertinent to this question the trial court found these facts : On the 13th of November, 1900, the defendant, being unable to pay the plaintiff's claim then presented, stated to plaintiff's treasurer that the W. T. Smith Company owed the defendant $190, and that he, the defendant, would collect it and pay the plaintiff. Plaintiff's treasurer thereupon requested the defendant to give him an order on the W. T. Smith Company, and that he would collect it, and, when collected, would credit the same to the defendant's account. The defendant then signed and gave to said treasurer a written order, addressed to W. T. Smith, in these words : " Pay to The Elm City Lumber Co. one hundred and ninety 34/100 dollars ($190.34), and I will give you credit for the same." This order was on the same day presented by the plaintiff to the W. T. Smith Company, but was not paid on presentation. No notice was given the defendant that the order was not paid, and eight days thereafter the plaintiff accepted from the W. T. Smith Company its note for $190.34, payable to the plaintiff's order three months after date, which the plaintiff immediately procured to be discounted at a bank. On the receipt of said note the plaintiff credited the defendant with the amount thereof upon a statement rendered the defendant on the first of the following December. After giving said note to the plaintiff, and before the same became due, said W. T. Smith Company became insolvent, and after a meeting of its creditors had been called for the 26th of February, 1901, the plaintiff requested the defendant to indorse said note, which the defendant refused to do. " This was the first knowledge or intimation that the defendant personally had that the order had not been paid upon presentation, or that a note for the same had been taken by the plaintiff." No written receipt or release, other than as above stated, was given by plaintiff to defendant, or by either plaintiff or defendant to the W. T. Smith Company. When the note became due, the plaintiff paid it at the bank and notified the defendant of the fact,

and that it had charged the note to the defendant's account. The plaintiff has ever since kept possession of the note, and has never offered to surrender or cancel it, excepting as he admitted at the trial that the note was among his papers and had been mislaid, and testified that he made no claim against any one on account of it. After diligent search the plaintiff was unable to produce it at the trial.

These facts seem to have been proved, without objection, in support of the allegations of the second defense, which were in substance that the defendant was entitled to have the W. T. Smith Company order treated as a payment or settlement of plaintiff's claim, at least to the amount of $182.16, because of the acceptance of such order by the plaintiff, and the acceptance by the plaintiff of the note of the W. T. Smith Company in payment of the order.

In the absence of demurrer or objection to evidence, the want of an allegation in the second defense, that the note was taken by the plaintiff without the knowledge of the defendant, does not render the judgment erroneous.

The plaintiff claimed at the trial that the giving of the order and the acceptance of the note for a less sum than the debt due the plaintiff, could not satisfy such debt, or any part thereof, and could not satisfy such debt unless the note received by plaintiff from the W. T. Smith Company was paid. As there was no judgment for the defendant for any balance upon the counterclaim, the court seems to have held that by the acceptance by the plaintiff of the order and note, only $182.16 of plaintiff's debt was paid, as alleged in the second defense, and to have applied the counterclaim of $25 in extinguishment of the remainder of the plaintiff's claim of $207.16. But even under an answer of payment or settlement of the entire debt due, part payment may be proved as a defense *pro tanto*. 2 Greenleaf on Ev. (13th Ed.) p. 473, note 1; *Owens* v. *Chandler*, 16 Ark. 651. While the mere giving and acceptance of the order on the W. T. Smith Company did not amount to a payment of any part of the plaintiff's claim, yet that part of the debt for which the order was given might properly be held to have been paid

and discharged, although it appeared that the note taken by the plaintiff for the order was never paid. The facts found showing an unauthorized acceptance by the plaintiff of the note of the W. T. Smith Company and an extension of the time of payment for a period during which the W. T. Smith Company became insolvent, were sufficient to justify the trial court in holding, as it did by the general finding of the issues for the defendant, that in so accepting the note the plaintiff, as between it and the defendant, received payment of, or collected, the order in question. *Freeman* v. *Benedict*, 37 Conn. 559, 562; *Tuttle* v. *Chapman*, 10 Ia. 437; *Southwick* v. *Sax*, 9 Wend. 122.

There is no ground for the claim that upon the pleadings the trial court erred in giving costs to the defendant. All the issues were found for the defendant. No claim for costs appears to have been made in the lower court upon the ground of improper pleadings, nor is it assigned as a reason of appeal that the court, having found the other issues for the defendant, should have found that raised by the denial in favor of the plaintiff.

We deem it proper to call attention to the fact that in apparent disregard of the rule (§ 22, p. 99, Rules of Court, 1899), the printed record in this case contains thirteen pages of items of the plaintiff's bill of particulars, when for the purposes of this appeal it was only necessary to state the balance due at the time the order in question was given, and when the suit was brought.

There is no error.

In this opinion the other judges concurred.