WILLIAMS *v.* UZZELL.

Opinion delivered May 5, 1913.

1. ACCORD AND SATISFACTION—HOW PLEADED.—A plea of accord and satisfaction sets up an affirmative defense, and it is a defense that is required to be specifically pleaded.  (Page 246.)

2.  PLEADING—VARIANCE BETWEEN PLEA AND PROOF—SURPRISE—RIGHT TO
    CONTINUANCE.—W sued U for the balance on a promissory note.
    U answered, pleading payment, but offered proof of an agreement
    between the payee of the note and U's husband that a sum of
    money which the payee owed U's husband be applied on the note,
    which, if done, the note would be paid.  W objected to the intro-
    duction of evidence of this agreement, alleging surprise, and moved
    for a continuance.  *Held*, W was entitled to a continuance.  (Page
    247.)

Appeal from Mississippi Circuit Court, Osceola
District; *D. F. Taylor*, Special Judge; reversed.

STATEMENT BY THE COURT.

This suit was brought by Percy H. Williams against
Eula Sloan Uzzell and Homer F. Sloan, principal and
surety, on a note to recover a balance of $500 alleged to
be due thereon.  The note was payable to Nina W. Carle-
ton, for the sum of $4,000 and endorsed by H. F. Sloan.
Four credits, with the dates thereof, were entered upon
it, reducing it to $430, the amount claimed to be due at
the time Nina W. Carleton sold it to her son-in-law,
appellant, for $250.

There is no contention about the correctness of the
credits shown on the note and the appellee pleaded pay-
ment.

It appears that Mrs. Carleton, the payee of the note,
resides in Memphis, and is the owner of certain interests
in Mississippi, of which her brother, the husband of
Eula Uzzell, was for a time manager.  In November,
1906, Mrs. Carleton wrote to appellee, Eula Sloan
Uzzell, the maker of the note, saying she wanted a state-
ment from George as to what she owed him, and for him
to go down to the mill and her manager would do what
he could to help him get what she owed him unless he
could wait until she could come and, "When I left I told
Blanton (her then manager) if George came to try to
straighten it and give him what I owed him."  George
Uzzell testified that he went down to Mississippi to see
Blanton Peete, the manager of her affairs referred to
in the letter, to collect what Mrs. Carleton owed him,
and discovered on arrival that Peete was not prepared

to pay him, but advised him "to take credit on the note for the balance would be the best way out of it." To have Mrs. Carleton give his wife credit on the note for the amount due him. He stated on cross examination:

Q. And Mrs. Carleton sent you down there to collect what was due you?

A. Well, he was then working for her. He was her manager at that time.

Q. And when you got there he told you he wasn't able to pay it?

A. Yes, sir.

Q. And advised you to go to Memphis and get credit?

A. He said he would advise it himself.

Q. And that was all there was to it?

A. Yes, sir.

The evidence does not disclose whether he mentioned the matter to Mrs. Carleton, after talking with her manager, and on January 4, 1907, his wife, appellee, Eula Sloan Uzzell, went to the bank, which held the note for collection, and paid $930.64, all that was due on the note, if credit was allowed for the $430, her husband claimed was due him from Mrs. Carleton, and paid in the way already indicated, by agreement with her manager to take credit on the note therefor.

Appellee testified that her husband was working for Mrs. Carleton managing her business in Mississippi, while appellee was living in Memphis, and that Mrs. Carleton wrote her she did not have any money down there in Mississippi to pay him, but to credit herself with $100 on the note which she did. That later she paid $1,000 and then $1,700 on the note; and when her husband stopped working for Mrs. Carleton, he went down to the mill to get the balance due him, $430, upon the receipt by her of the following letter, of date November 26, 1906, from Mrs. Carleton:

"Now, I will want a statement from George of what I owe him—I think he and I know better than any one else about what it is. I want him to go down to the mill

and Blanton will do what he can to help him get what I owe him—if he wants to wait till I go that is all right. The reason I say go to Blanton is because I am sick and I can't tell when I will go down. When I left, I told Blanton if George came to straighten it and give him what I owed him.'' After the settlement when Mrs. Carleton called on her for the balance due, she went to the bank and paid the balance of $930.54, and the $430 she owed to Mr. Uzzell made it even. That it was considered paid, and there was never any question made about it and her brother who was surety was never notified of the note not being satisfied. From 1907 to 1909, it was considered settled. This testimony was all objected to.

Mrs. Carleton testified that after appellee married her brother, she loaned her $4,000, took her note and that she sold the note later to Percy H. Williams, for $250. She denied that she was ever paid at any time the sum of $430 on the note. Admitted the credit of $930.64 on January 4, 1907, which she said was left at the bank to her credit. That the note remained there until it was sold to Mr. Williams. That she never heard of appellee claiming to have paid $430 on the note in December, 1906, until after this suit was filed.

The endorser testified that he did not know the note had been transferred to Williams until September, 1909; had never received any notice of when the note was due or that it had not been paid until about three and a half years after it was due when he was notified it had not been paid.

At the conclusion of the testimony, the plaintiff filed a motion asking that the submission of the case be withdrawn and that it be continued until the next term of court, on the ground of surprise from the testimony relative to the payment and in order that he might produce Mrs. Carleton and her manager, both of whom it was alleged would deny that either of them ever agreed to give credit upon the note for the $430 claimed to have been paid by way of a credit for services rendered by

George Uzzell to Mrs. Carleton. A motion for a new trial was filed, supported by the affidavits of Nina W. Carleton and her manager, Blanton Peete, in which it is stated that she never agreed, promised nor consented to give credit on the note in suit for the sum of $430 or any other sum that she owed to George Uzzell; that she never directed or requested him to go to her manager to ascertain the amount of indebtedness to him for the purpose of giving credit on the note and that her manager had no authority, whatever, to credit the note or agree that it should be credited with her indebtedness to George Uzzell; that she had never at any time agreed to any credit on said note of any of her indebtedness to George Uzzell, except the first $100, credited thereon. That she had attended several terms of court at Osceola to testify in the case, which had been continued at the instance of the defendant and that finally her deposition was taken and that she was surprised at the testimony of Uzzell and his wife, relative to the credit of the $430 upon the note. The manager swore that he had no authority, whatever, to apply or agree to apply the amount of the indebtedness claimed due him from Mrs. Carleton as a credit upon the note of his wife; that he did not consent, promise, or agree to any such credit and that he had no authority to do so.

The jury returned a verdict in favor of the defendant and from the judgment this appeal is prosecuted.

*J. T. Coston,* for appellant.

1. George Uzzell was not acting as the agent of his wife, not acting at her request nor on her behalf. He was incompetent to testify in her behalf. Kirby's Dig., § 3095.

2. Under the defendant's plea of *payment,* plaintiff did not expect, and was not prepared to meet, evidence tending to show an accord and satisfaction in the nature of an agreement to give credit upon the note sued on of an alleged indebtedness due from Mrs. Carleton to George Uzzell. The introduction of such testimony was a surprise, and the court's refusal to withdraw the sub-

mission and grant a continuance was an abuse of its discretion. 6 Words and Phrases, "Payment," 5249; 66 Ark. 620.

3. If Blanton Peete agreed to give Mrs. Uzzell's note credit with the $430 alleged indebtedness due from Mrs. Carleton to George Uzzell, such agreement was not within the scope of his authority, either real or apparent, and was not binding upon Mrs. Carleton. Mechem on Agency, 391; 52 Ark. 254; 53 Ark. 136-137.

4. The evidence that Peete, the plantation manager, agreed, or suggested, that Uzzell take credit on the note which his wife owed Mrs. Carleton, raised an issue not presented by the answer and was clearly incompetent. Hunt on Accord and Satisfaction, 231, 232; 16 Ark. 657; 57 Pac. 758; 117 S. W. 102.

*Appellee, pro se.*

1. The defendant, Homer F. Sloan, was entitled to have the testimony of George Uzzell, and, since the jury were instructed to regard his testimony only so far as it pertained to the interest of Sloan in the action, or acts done as agent of his wife, the admission of his testimony was not prejudicial.

2. There is no showing of diligence on the part of appellant in preparation for the trial, to justify the claim of surprise. Motions for continuances and new trial on the ground of surprise are addressed to the sound discretion of the court. 76 Ark. 515; 26 Ark. 496; 34 Ark. 659; 26 Cyc. 852.

KIRBY, J., (after stating the facts). It is contended that the court erred in admitting the testimony relative to the accord and satisfaction under the general plea of payment of the note and that it should have granted the continuance upon the ground of surprise.

A plea of accord and satisfaction, like one of payment, sets up an affirmative defense and it is one that is required to be specifically pleaded. 1 Cyc. 371; 1 Enc. Plead. & Prac. 74. Hunt on Accord and Satisfaction, § 106. *Owens* v. *Chandler,* 16 Ark. 651.

It is the purpose of the pleadings to advise the

parties of the facts that will be relied upon in the suit for a recovery or defense, that they may with proper proof meet the issues made. Under a plea of payment it can, of course, be shown that the debt or obligation was discharged in the usual manner, by the delivery of money in satisfaction or by the delivery of property of any kind in lieu of money, agreed to be accepted in discharge thereof. Payment may be made in anything that the creditor will receive in payment. *Bush* v. *Sproat,* 43 Ark. 416. Appellant claims that the variance between the allegations of the plea of payment and the proof relating to the manner of the satisfaction of the claim of the husband of appellee by an agreement on the part of the agent of the payee that it might be credited upon his wife's note misled him to his prejudice as he was not required to expect that any such defense would be relied upon thereunder, nor given any information thereof that would enable him to prepare to meet it. We agree with this contention. He objected to the introduction of said testimony under said plea at the time and after the testimony was introduced alleged he was surprised on account of it, moved the court to withdraw the submission of the case and grant him a continuance in order that he might have time to meet the new issue injected into the case.

The affidavits in support of the motion for a new trial show that both the payee of the note and her agent, by whom it was claimed the credit was agreed to be allowed, deny any such agreement or statement, or any authority to allow the credit and it is evident that appellant was deprived of material testimony that he could and doubtless would have been able to produce upon the trial if he had been advised of the nature of the defense by the pleadings, and not being so advised was surprised upon its introduction. The payee of the note was not a party to the suit, did not live within the jurisdiction of the court, her deposition was properly taken and, of course, she was not required to attend the trial in person and appellant can not be regarded at fault in not having her present. The testimony of ap-

pellee and her husband, relating to the allowance of a credit upon the note by the manager of the payee was objected to and the objection not having been sustained appellant was left without any testimony in relation thereto, much to his prejudice. The court should have granted his motion for a continuance under the circumstances.

The court is of the opinion that the testimony is insufficient to show that the manager of Mrs. Carleton's to whom the husband of appellee was sent for an adjustment of the amount due him from her, agreed that he should have credit upon the note of his wife due Mrs. Carleton, the testimony tending only to show that he had no money with which to pay the claim and suggested that the debtor see Mrs. Carleton and get credit upon the note of his wife, indicating, at most, that it was the intention that the matter should not be closed up until she was consulted about it.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial.