F. M. Cavanaugh, Appellant, v. Frank E. Praska, Appellee.

November 22, 1927.

Rehearing Denied March 10, 1928.

*H. L. Spaulding* and *Condon & Clary*, for appellant.

*Joseph Griffin*, for appellee.

Kindig, J.—Appellant (plaintiff) sold appellee (defendant) 40 acres of land, received part of the consideration, and on February 27, 1926, both parties met at the Elma State Savings Bank to make final settlement. The balance due was $2,195. Accordingly, appellee drew his personal check on said bank for the amount and delivered the same to appellant. There were sufficient moneys on deposit to the credit of the drawer to meet the payment of the instrument. Without objection, the written order was accepted by appellant, who immediately indorsed the same, and offered it to the drawee bank in exchange for cashier's checks or demand certificates of deposit. Said drawee, without hesitation, honored the check, marked it "paid," and made proper notations upon its records. In compliance with appel-

lant's request in the premises, the bank issued two certificates, —one to appellant, for $792, and the other to Emil Marion, for $1,403. Both were received and accepted by the respective payees. Afterward, the canceled check was returned to appellee. On the succeeding Tuesday, the bank closed its doors, and finally a receiver was appointed therefor, because of insolvency.

It is contended by appellant that the receipt of the check and the subsequent acceptance of said certificates were conditional upon the payment of said instruments, and consequently, in view of the fact that no funds were ultimately obtainable, the obligation is still active against appellee, and accordingly can be enforced. This record, however, will not sustain the position. *Dille v. White*, 132 Iowa 327, 342, is not in point. That case involved indebtednesses of the bank alone; there was no change in this respect; and moreover, the concern was at no time able to transfer the necessary funds. Also, the undertaking of the one party was to make the other a loan in cash, while the paper of said depository was merely employed as a vehicle therefor.

Here there was no contract, express or implied, whereby appellee was bound to transfer moneys from the Elma State Savings Bank to any other place. Likewise, appellee did not assume the burden of passing any part of the amount to any person except appellant. Manifestly, the transaction, involving the surrender of the check in exchange for said certificates, concerned and included no one except the bank, appellant, and said Marion. Appellee was not consulted about this, nor did he consent thereto.

At the time of dealing, which was about noon, cash in the bank totaled approximately $3,500. Had money been demanded on the check, it would have been forthcoming. Evidence of the balance at the close of the day does not overcome the actual facts regarding the amounts on hand during the previous business hours. Withdrawals took place in the afternoon. As a matter of fact, the banking establishment did not discontinue operations until the third day thereafter. Meanwhile, it was open for the customary activities, but the certificates were not presented for payment. They did not reappear until after said business finally ceased. Under these circumstances, the acceptance of appellee's check was not conditional. The said negoti-

able paper was honored, and the drawer thereof discharged. See *Tuttle v. Chapman,* 10 Iowa 437.

Wherefore, the judgment of the district court is affirmed. —*Affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, and WAGNER, JJ., concur.