### WELLER v. BURNS. (No. 6168.)

(Court of Civil Appeals of Texas. San Antonio. March 12, 1919. On Motion for Rehearing, April 16, 1919.)

1. COMPROMISE AND SETTLEMENT ⊘—24—DEMANDS INCLUDED—"ACCOUNTS."

Plaintiff's receipt, reciting that the amount "settles all accounts" between plaintiff and defendant "up to date," did not, as a matter of law, settle a claim based on defendant's check to plaintiff, dated prior to the receipt, and by agreement not to be presented by plaintiff until a certain date, which in fact was after the date of the receipt; for in ordinary parlance a check would not be included in the word "accounts."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Account.]

2. COMPROMISE AND SETTLEMENT ⊘—23(3)—EVIDENCE.

Evidence *held* to sustain finding that defendant failed to establish that settlement pleaded covered plaintiff's claim on defendant's check.

### On Motion for Rehearing.

3. COMPROMISE AND SETTLEMENT ⊘—23(1)—EVIDENCE—BURDEN OF PROOF.

Defendant had burden of proving his plea of compromise and settlement of the claim evidenced by his check sued on by plaintiff.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by J. F. Burns against R. H. Weller. From judgment for plaintiff, defendant appeals. Affirmed.

Ball & Seeligson, of San Antonio, for appellant.

Ingrum & Robinson, of San Antonio, for appellee.

MOURSUND, J. Appellee sued appellant to recover on a check by appellant in favor of appellee for $6,500, dated February 5, 1917, alleging in substance that it was on account of and in part payment of $7,000, which appellant had agreed to pay appellee for services rendered involving the sale of certain ranch interests in Mexico, claiming that the amount was $7,000 and that $500 had been paid thereon, and that appellant had stopped the payment of the check.

The answer aside from general denial, consisted of two sworn special pleas: First, a failure of consideration to the extent of $6,000 by reason of alleged failure on the part of appellee to accomplish what appellant alleged he had agreed to do; and, second, that

a controversy arose in Saltillo, Mexico, as to the amount appellant was to pay appellee for his services, and court proceedings were there instituted and an order of detention issued against appellant, as well as J. M. Dobie, a witness therein, and that in settlement of the entire matter and controversy appellee agreed to accept and was paid $500 on February 16, 1917, in full settlement and satisfaction of all services rendered by him to appellant in the controversy between appellant and his wife, and that appellee had executed and delivered to appellant a written release and receipt in full of all matters and accounts between them, which written release and receipt were set out in full in said plea.

The appellee by supplemental petition joined issue as to the matters of defense alleged by appellant, and in reply to the plea of settlement and compromise pleaded specially as follows:

"And specially answering the third paragraph of the defendant's said answer on his plea of payment, the plaintiff says that on the date of his said agreement with the defendant herein, by which agreement the defendant promised to pay to plaintiff the sum of seven thousand dollars, it was agreed by and between the plaintiff and this defendant that he was to accept the defendant's check for the sum of six thousand five hundred dollars ($6,500.00), and that the defendant was to pay plaintiff the sum of five hundred dollars ($500.00) in cash. At the time of said agreement and settlement between this plaintiff and the defendant, J. M. Dobie, who was then purchasing said ranch, was not in the Republic of Mexico, but was in the United States; and it was contemplated that upon the final settlement and transfer of the said ranch that the said Dobie would pay to Weller certain moneys in cash as a part payment for said ranch; and the defendant, Weller, requested the plaintiff to wait upon him for the payment of the said $500.00 until the said Dobie came to Mexico to finally consummate and receive the transfer of said ranch, to which plaintiff agreed; that when the said J. M. Dobie came to Mexico in response to a notice from this plaintiff that a settlement had been arrived at, and after all the matters and things between the said defendant and J. M. Dobie had been agreed to and settled, and when the defendant was preparing to leave the Republic of Mexico, he then refused to pay to plaintiff the $500.00 which he had agreed and promised to pay, and in consequence of which refusal the plaintiff had him detained in the Republic of Mexico until he did agree to pay the same, and plaintiff says that upon the payment of said $500.00 he did execute his receipt in settlement of the matters existing between this plaintiff and R. H. Weller; and which receipt was intended as a final settlement between them. At the time of the execution of said receipt, the plaintiff then had in his possession the said check for $6,500.00, and had had the same since the 5th day of February; and plaintiff was then demanding $500.00 only in full settlement of his agreement with the said R. H. Weller; but that thereafter the defendant, Weller, stopped payment of the check herein sued upon; and this plaintiff is now entitled to recover the said $6,500.00, as agreed upon between this plaintiff and defendant; and that said receipt when given contemplated the full payment of said check, which said payment would have been the amount of $7,000.00, as agreed by and between plaintiff and the defendant. And it is not true, as alleged by the defendant, that the plaintiff was only to receive $500.00 in full settlement of his services; but it is true that the plaintiff was to receive $7,000.00 as heretofore alleged."

The appeal is from a judgment against appellant for the amount of the check with interest at 6 per cent. from February 20, 1917.

All of the assignments present issues relating to the plea of settlement and compromise, it being contended that the judgment is contrary to the undisputed evidence on the issue whether the instrument pleaded by appellant shows a settlement of the claim evidenced by the check as well as other claims, and also contended that the appellee did not plead any facts sufficient to avoid said instrument.

The instrument in question reads as follows:

"Saltillo, Coah., Mex.

"I received from Sr. Lic Herminio Siller $500.00 five hundred dollars for fees for settling matters between Mr. R. H. Weller and Mrs. Lettie W. Weller. This amount settles all accounts between me and Mr. R. H. Weller up to date.          J. F. Burns.

"Feb. 16, 1917."

[1] In behalf of appellant it is assumed in the argument in the brief that such instrument recites that the $500 was accepted by Burns in full of all demands and claims upon his part for services rendered by him in Weller's behalf. As a matter of fact, the instrument only recites that the $500 was for fees for settling matters between Mr. and Mrs. Weller, and that the amount settles all accounts between Burns and Weller up to date of the instrument. It appears that it was agreed that the check should not be presented for payment until February 20, 1917. If the instrument executed by Burns on its face purports to release the claim existing by virtue of the check, it was certainly incumbent on Burns to plead fraud or mistake in avoidance thereof; but if that instrument by a fair construction does not purport to release the claim evidenced by the check, or if it is ambiguous, it was not necessary for Burns to plead in avoidance thereof for the purpose of setting it aside. It must be conceded, we believe, that in ordinary parlance a check would not be included in the word "accounts," and, if the instrument signed by Burns is construed literally, it does not purport to release any claim existing by virtue of the check. The pleadings of the parties reveal their respective contentions concerning the matters which were considered as a basis for the settlement evidenced by the receipt. If the instrument is viewed as ambiguous, the parties have certainly pleaded their respec-

tive versions as to what the intention of Burns was in executing such instrument and what the intention of Siller, appellant's attorney, was in accepting the same. Weller's testimony was to the effect that he was to pay Burns only $500 unless the latter settled Mrs. Weller's claim for $30,000 or $35,000, and in effect that Burns represented that the money would be divided between the arbitrators and himself, and that the check was desired in order that he might have some assurance that he would be paid provided he carried out the proposed arrangements. Burns testified that he was to be paid $7,000 for his services; that the check for $6,500 was given him on the day of its date, but it was understood that it was not to be presented until February 20, 1917; that he was to receive $500 cash when Dobie arrived; that there was nothing further said concerning the compensation until the day after the settlement was made and Weller was ready to leave, whereupon he asked Weller for the $500, and Weller refused to pay him any more on the ground that he had been "held up by Mrs. Weller"; that he then stopped Weller for the $500 (meaning that he procured a detention order); and that Weller left the $500.

It is contended that, as Burns was not asked concerning what took place between himself and Siller, the latter's testimony should be taken as true, and as showing that the claim covered by the check was included in the settlement evidenced by the instrument relied on. There can be no doubt that the detention order related only to the $500 demanded by Burns. Burns so testified, and Siller had never heard of the $6,500 check at the time he and Burns made the settlement. In addition, it appears that Siller got the authorities to let Weller leave Mexico before the settlement was made, by promising that he would effect a settlement, which he proposed to do for $500, and for this purpose he took Weller's check for said amount. Had he understood that the detention order was for $7,000, he could not have safely made any such promise. Now, as Burns took out the detention order to collect $500, and Siller took the check for $500 to release the order, and had never heard of the $6,500 check, it is obvious that there was no meeting of the minds of the parties to the effect that the claim evidenced by the check was to be settled. It is true that Siller stated his conclusion that all claims and demands were settled, but he bases it on his construction of the language of the instrument, and not on anything said concerning the check. It would indeed be a remarkable thing if Weller intended that Siller should try to settle a controversy concerning the check, and yet failed to mention the check to him. It is pointed out, on behalf of appellant, that, although Burns in his sworn answer denied that he had been asked by Weller to return the check and that he had represented that he would do so except for the reason that the check was in the United States, his testimony on the trial contained no such denial, although Dobie testified that he heard Weller, in Saltillo, demand the return of the check, and he thought Burns replied that it was in Texas, and Weller testified that he demanded the return of the check and Burns told him the check was in the United States and for that reason he could not deliver it. In this connection, it is worthy of notice that both Dobie and Weller testified that, in connection with the demand for the return of the check, Weller offered then and there to pay Burns the $500 which he claimed was all that he owed Burns. If Burns acquiesced in Weller's theory that he was not entitled to $500, it is indeed strange that he did not then and there accept the $500 offered him. While they testified that he gave a reason why he could not return the check, and sought to leave the impression that he was willing to return it, the fact remains that if he had been willing to do so he would undoubtedly have accepted the offer of Weller to pay him the $500.

[2] Although Burns was not asked concerning the incident testified to by Dobie and Weller, his statement that he said nothing to Weller about compensation until the latter was ready to leave, and his statement of what was said at that time, necessarily contradicts the testimony of Dobie and Weller, and is more consistent with the acts of the parties. While Weller testified he then and there offered Burns $500, and he sought to leave the impression that it was understood the check was canceled, it appears that he must have refused to pay the $500, as Burns found it necessary to procure a detention order. The testimony to the effect that he failed to assert his rights when demand was made for the return of the check was not relied on as showing a compromise at that time, but as showing that in fact Weller did not promise to pay Burns $7,000. No issue is made that the testimony fails to sustain a finding that he did agree to pay such amount, and the only issue is whether there was a compromise made between Siller and Burns to the effect that Burns should accept $500 in payment of the entire obligation to pay $7,000. The incident testified to concerning the demand for the check has little probative weight, if any, as to whether the compromise was made as claimed. If taken as true, it showed that, although Burns had once before refused to take $500, he had not declared at that time that there was due him $7,000. This might be accepted as a slight circumstance tending to show that he ultimately agreed to accept $500 in full settlement of check and the claim for $500 additional. However, when the testimony is considered as a whole, it appears to us that the court was warranted in finding that Weller failed to establish that the $500 check was received by Burns in full settlement of the claim existing by virtue of the

check sued on as well as the claim for the additional $500 claimed by Burns to be due him by Weller.

The assignments are overruled, and the judgment is affirmed.

### On Motion for Rehearing.

It is contended that the testimony of Weller and Dobie is to the effect that the offer of Weller, testified to by them, to pay Burns $500, was conditioned upon the return by Burns of the $6,500 check.

[3] We have again examined the testimony of each of the parties, and we do not find any statement that such a condition was attached to Weller's offer. Mr. Dobie testified:

"I heard Mr. Weller, in Saltillo, Mexico, demand or ask from Mr. Burns the return of the $6,500 check. The reply of Mr. Burns, I think he said it was in Texas. Yes, Mr. Weller at the same time offered to pay Mr. Burns the $500 he had promised to pay him; I heard him offer to pay him $500."

Weller testified:

"Yes, sir; after this thing fell down I demanded the return of this $6,500 check. I went to Mr. Burns and demanded this check in his house, and he told me the check was in the United States was the reason he couldn't deliver the check. And then and there I offered to pay him the $500 that I had agreed to pay him."

We find no other testimony on the particular point. The impression the testimony makes on our mind is that Weller, notwithstanding the absence of the check, then and there offered to pay Burns $500. Certainly, the theory that the offer was conditional must rest upon conjecture, for neither witness so testified. Neither undertook to say that Burns promised to return the check, or that he agreed to accept $500, or even stated that he would consider the matter. As stated before, this testimony could only have a remote bearing on the only issue, namely, whether the settlement involved the claim for $7,000, or only for $500. It could only show that at one time he was not averse to such a settlement. It is also argued that we overlooked the further important and vital thought from Burns' standpoint that he had failed in successfully prosecuting and maintaining the order of detention against Weller.

It is also argued that, when the order of detention was vacated, this was a good reason for his subsequently accepting the amount claimed by Weller as being due Burns. These arguments, we believe, are not justified by the record. They appear to be predicated upon the theory that Burns discovered that Weller had in some way procured the vacation of the order of detention, and left Saltillo, and therefore he (Burns) decided to accept $500 in satisfaction of a $7,000 claim. There is no evidence that Burns knew either of these facts. Siller does not testify that he informed him thereof. In fact, Siller's testimony consists of one conclusion after the other. He fails to mention a single word said by him to Burns or Burns to him. He did not mention any difficulty in arranging the settlement, which indicates that Burns must have received what his order of detention called for, or have suddenly changed his mind without any reason for doing so. There is no record evidence to show for what sum Burns procured an order of detention. In deference to the judgment of the trial court, we must find that he believed the testimony favorable to Burns. Burns testified he stopped Weller for the $500. Siller, the attorney for Weller, does not testify to the contrary. He testified he accompanied Mr. Weller to see Mr. Barragan, the Municipal President of Saltillo, who had issued the order of detention for the purpose of getting the same rescinded; that Mr. Barragan revoked the order as he (Siller) had agreed to arrange a settlement of Mr. Burns' claim on the following day. Weller left his check with Siller for $500, and Siller, even up to the time he delivered the check and obtained the receipt, had never heard of the $6,500 check. It appears that Siller procured the vacation of the order by his personal assurance that he would arrange a settlement. If Weller thought he had been detained for $7,000, he certainly left Siller in a difficult position. If Siller thought Weller had been detained for $7,000, he certainly took a big risk in assuring Barragan that he would arrange a settlement. It is true that Weller testified he was detained with regard to the $6,500 check, but the court was warranted in disregarding such statement and finding that the order of detention was for $500; that Burns contemplated, in making the settlement, that it was of his claim for $500; and that Siller who made the settlement with Burns had never heard of the $6,500 check, and did not contemplate settling any claim except the one upon which the order of detention had issued. The burden of proof was on Weller to establish his plea of compromise and settlement of the claim evidenced by the check sued on. The court did not err in holding that Weller failed to establish such plea.

The motion for rehearing is overruled.