DISTRICT SCHOOL TRUSTEES, ETC., v. W. W. WIMBERLY.

No. 68.

**1. Parol Evidence—Minutes of County Commissioners Court.—** The minutes of the County Commissioners Court not showing that the county judge was present, it was competent to prove his presence by parol testimony. The minutes recited that three commissioners were present, and were silent as to the county judge.

**2. County Commissioners Court—Setting Aside Former Order.** It is within the jurisdiction of the County Commissioners Court to set aside a former order made at the same term.

**3. County Commissioners Court—Quorum.—**The minutes recited the presence of three commissioners. It was further shown that the county judge was also present.   *Held,* such parties constituted a full court for the transaction of business.

**4. Action of Commissioners Constitutes Act of Court.—**The vote of two of the three commissioners present for an order rescinding a former order made during the term constituted an act of the court, without the vote of the county judge.   So held on a vote reconsidering an order redistricting the county into school districts.

APPEAL from Jeff Davis. Tried below before Hon. WINCHESTER KELSO.

*W. O. Reid,* for appellants.—1.   If the county judge was present in the court and acting with the three commissioners when the motion to reconsider was made and voted on, and the minutes of the court fail to show that he was then present, this fact could only be proved by the minutes of the court after the same had been corrected upon application to the

court for that purpose.    Rev. Stats., arts. 1355, 1356, 1527; Brown v. Reese, 67 Texas, 318; Watkins v. Davis, 61 Texas, 414.

2.  In the absence of the county judge from the Commissioners Court, no less than the four commissioners constitute a quorum for the transaction of business.    The minutes showing no legal quorum present in the Commissioners Court of Jeff Davis County when the motion to reconsider was made and voted on, the action of the three commissioners was void, and no legal order to reconsider was made.    West v. Burke, 60 Texas, 51.

3.  If a quorum of the Commissioners Court was present on the 28th day of March, 1889, a majority of the court present and acting did not vote for the motion, and no valid or legal order to reconsider the boundaries between districts numbers 1 and and 2 was made by the court. Lawrence v. Ingersoll, 12 S. W. Rep., 422.

*Walter Gillis* and *W. W. Turney*, for appellee.—1.    When the minutes of the court had stated that three commissioners were present on the 28th day of March, 1889, and were silent as to the presence of a presiding officer, and the proof of such presence being essential to the validity of the orders passed, it was not error to admit parol proof to show that the presiding officer was present and acting with the court; and the failure of the clerk to note the presence of any member, or the whole of the court, would not affect the validity of acts done by the court, if its acts were otherwise regular.

2.  On the 28th day of March, 1889, the Commissioners Court of Jeff Davis County was a lawful one, being composed of a county judge and three commissioners; and the fact that the minutes of said court failed to state just who of the members of said court were present and who were not, does not vitiate the acts of said court.

FISHER, CHIEF JUSTICE.—Plaintiffs, H. M. Patterson, J. B. Shields, and W. Keesey, in their corporate capacity as district trustees of district number 1, and county of Jeff Davis, State of Texas, brought this suit to restrain W. W. Wimberly, county judge of Jeff Davis County, and his successors in office, from apportioning to school district number 2 the sum of $25.98, and all other available school funds to which district number 1 would thereafter be entitled as the pro rata of said funds for the children within scholastic age residing upon the A. S. Lewis survey. The school trustees of district number 2, being parties in interest in their corporate capacity, were made parties defendant.

Plaintiffs in their petition allege, that for about two years prior to the 26th day of March, 1889, Jeff Davis County had been divided into two school districts.    In pursuance of an expressed desire of a majority of the voters of the two districts, the Commissioners Court at a special term, on the 26th day of March, 1889, redistricted said county, and by orders

duly entered on the minutes of the court, created three school districts, defined them by boundaries, and numbered them 1, 2, and 3, respectively; and that on the 14th day of August, 1889, the court, without having obtained the consent of the voters of districts numbers 1 and 2, and in violation of the law, changed the lines between the two districts so as to detach from district number 1 the A. S. Lewis survey number 6 and attach it to district number 2. Defendant Wimberly recognized the change made by the court, and apportioned the pro rata of the school fund for the children residing on the Lewis survey to district number 2. This survey is very populous on account of the military post at Fort Davis being located on it; it contains 640 acres of land, and the number of children residing on it and enrolled in district number 1 for the year 1889–90 was twenty-seven.

At the time of commencing this suit there was about to be paid into the county treasury the sum of $774.90, available school fund for the county for the year 1889–90. Of this sum plaintiffs allege that $25.90 was due and should be apportioned to district number 1 as the pro rata of said fund for ten of the children residing on the Lewis survey, and not theretofore transferred to district number 2 by defendant Wimberly, and that unless restrained from so doing, Wimberly would apportion this sum to district number 2, and would apportion all other school funds to which district number 1 was entitled as the pro rata of the children within scholastic age residing on the Lewis survey.

Defendants answered by general denial, and by special plea, that the county was redistricted on the 26th of March, 1889, only for the purpose of giving the town of Valentine and surrounding country better school facilities; that the Lewis survey had prior to this time been in district number 2; that the duty of designating the boundaries was by the court entrusted to one of the commissioners, a surveyor by profession, and that he availed himself of his superior knowledge of the boundary lines between the various tracts of land, and with intent to deceive the court, changed the lines between districts numbers 1 and 2 as they had formerly existed, and detached the Lewis survey from district number 2 and attached it to district number 1, and thereby deceived three of the commissioners; that on the 28th day of March, and before the adjournment of the term of court, an order was passed by the court to reconsider its action in designating the boundaries between districts numbers 1 and 2, and on the 13th day of August, 1889, in pursuance of the order to reconsider, changed the line between districts numbers 1 and 2 so as to include the Lewis survey in district number 2, where it was intended in the order of March 26, 1889, it should be.

The case was tried before the court, and resulted in a judgment for the defendants dissolving the injunction, and for costs.

We find the facts to be as follows:

1. That prior to March 15, 1889, the county of Jeff Davis was divided into two school districts, which were numbered 1 and 2.

2. That on March 16, 1889, an election was held to change these two districts and redistrict the county; that in this election a majority of all the legal voters in all the districts voted in favor of changing and redistricting.

3. On March 19 the County Commissioners Court of Jeff Davis County canvassed the result of the election, and ascertained by a count of the votes that a majority of all the voters in all the districts to be affected had voted in favor of changing and redistricting, and so declared in their order entered of record on said date.

4. In pursuance of the result of the election above mentioned, the County Commissioners Court on March 26, 1889, changed the old districts and redistricted the county into three districts, and numbered them 1, 2, and 3, and prescribed the metes and bounds of each district as the law required; and in the order establishing the metes and bounds of these three districts, survey number 6 was included in district number 1.

5. That before the change and redistricting said survey number 6 had always been in district number 2, and the county judge and three of the commissioners were not aware that by the change it was taken from number 2 and placed in number 1. Nor was it their desire or intention that it should be changed from district number 2 to district number 1.

6. The county commissioners ascertaining that survey 6 had been changed from district number 2 into district number 1, on March 28, 1889 (two days after entering the order establishing the metes and bounds of the three districts, and at the same term that order was entered, and before the minutes had been approved), the court passed an order reconsidering the order by which the boundaries had been established between districts 1 and 2.

7. In pursuance of the order reconsidering the order establishing the boundaries between districts 1 and 2, the county commissioners, at their session on August 14, 1889, established the boundary lines between districts 1 and 2 so as to place survey number 6 in district number 2, where it had always been before, and where the county judge and three commissioners intended it to be and thought it was.

8. At the time the order was passed on March 28, 1889, reconsidering the order passed on March 26, 1889, defining the boundaries of the school districts, there were present the county judge, Wimberly, and three commissioners.

9. The copies of the proceedings and orders of the Commissioners Court recite that Commissioners Dawson, Grierson, and Thompson were present on said 28th day of March, 1889, and is silent as to who else was present.

10. The county judge, Wimberly, testified that he was present at said time and acted with the three commissioners in holding court, but did not vote on the question of reconsidering the order made on March 26, 1889.

The first error assigned complains of the evidence of County Judge Wimberly, showing that he was present and formed a part of the Commissioners Court on the 28th day of March, 1889, when the order reconsidering the order made on March 26, establishing the boundaries of the school districts, was passed, for the reason that this fact could only be shown by the minutes of the court, and that parol evidence for this purpose was not admissible. The evidence objected to did not tend to contradict the record, but was simply explanatory of it. The minutes of the court for that day simply showed that three commissioners, naming them, were present, but did not say that any one else required by law as necessary to constitute a part of the court was not present. The failure of the record of the proceedings of the Commissioners Court to state that the county judge was present was evidently an oversight of the clerk in preparing the minutes of the court. The evidence was properly admitted. The county judge being present with the three commissioners, constituted a full court for the transaction of business as required by law.

The two comissioners having voted for the proposition to reconsider the previous order fixing the boundaries of the several districts, it was not necessary that the county judge should cast his vote in order to give the vote validity. The court had the right at the same session to change its orders made at that term of the court.

This disposes of all the assignments of error. We find no error in the record, and affirm the judgment.

*Affirmed.*

Delivered February 1, 1893.