## EASTLAND COUNTY v. DAVISSON et al. (No. 234.)*

(Court of Civil Appeals of Texas. Eastland. Oct. 28, 1926. Rehearing Denied Dec. 31, 1926.)

1. Evidence ⊸387(5)—Parol evidence is inadmissible to contradict or vary written orders and judgments of commissioner's court.

Parol evidence is not admissible to contradict or vary the written orders and judgments of commissioner's court, in absence of allegations of fraud, accident, or mistake.

2. Judgment ⊸951(3)—Parol evidence held admissible to explain order of commissioner's court, pleaded as res adjudicata to claim by county.

Where order of commissioner's court was pleaded as res adjudicata and denial of recovery with respect to claim alleged to be due to county, parol evidence to show that claim was before commissioner's court, when order was made, is properly admitted to explain order, where it does not contradict, vary, or add thereto.

3. **Judgment** ⟨key⟩951(3)—**Parol evidence is admissible to show what was involved in ambiguous judgment and to explain matters as to which judgment is silent.**

Where there is ambiguity in a judgment, parol evidence is admissible to show what was involved and settled by judgment, and where judgment is silent and omits to explain matters and recitations, and effect is not to contradict same, parol evidence is admissible to explain it.

4. **Highways** ⟨key⟩113(4)—**Commissioner's court could offset claim to county from contractor in settling amount payable to him under contract (Const. art. 5, § 18, and article 3, § 55; Rev. St. 1925, art. 235I, subd. 10).**

Commissioner's court *held* not to have exceeded its authority, under Const. art. 5, § 18, and article 3, § 55, and Rev. St. 1925, art. 2351, subd. 10, by order of settlement with road contractor whereby county's claim against contractor was offset against amount payable to him under contract.

5. **Highways** ⟨key⟩113(4)—**Evidence held to support finding that county's claim against contractor was paid by offsetting against amount owing to contractor.**

Evidence *held* to support jury's finding that payment of county's claim against road contractor was made by offsetting it against amount owed to contractor by county.

6. **Appeal and error** ⟨key⟩1001(1)—**Jury's verdict supported by some competent evidence will not be disturbed.**

Court of Civil Appeals will not disturb verdict of jury, where there is some competent evidence to support findings.

7. **Highways** ⟨key⟩113(4)—**County, attacking settlement of contractor, has burden of establishing that certain items were not included in settlement.**

County, in attacking former settlement with road contractor as not including indebtedness due from contractor to county, has burden of establishing that such items were not included in settlement.

Littler, J., dissenting on motion for rehearing.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by Eastland County against G. A. Davisson and others. Judgment for defendants, and plaintiff appeals. Affirmed.

See, also, 287 S. W. 901, 277 S. W. 779.

Turner, Seaberry & Springer, of Eastland, Chandler & Chandler, of Stephenville, and Hickman & Bateman, of Breckenridge, for appellant.

Conner & McRae and G. G. Hazel, all of Eastland, Levy & Evans, of Fort Worth, and John T. Suggs, of Denison, for appellees.

RIDGELL, J. We take the following as the nature and result of the suit from the briefs of the parties.

In June, 1919, Fleming-Stitzer Road-Building Company, a copartnership, made a contract with appellant county to construct some roads. The contract was evidenced by two instruments, in writing, found at pages 15 to 34 of the transcript and on page 137 to 154 of the statement of facts. These instruments referred to contain certain engineering specifications as to the roads. Subsequent to the making of the contract, appellee Davisson became the sole owner of the Fleming-Stitzer Road-Building Company.

The contract obligated the contractor to purchase and pay for in cash, at par, plus accrued interest, the bonds issued by appellant and theretofore voted for the purpose of building the roads. It was contemplated that the bonds so purchased would not be held by the contractor, but resold to regular bond brokers in the open market. By the contract appellant was obligated to deliver the bonds to such buyers on the order of the contractor. The contractor sold the bonds and a majority of them were sold at a discount. A regular set of books was opened between the contractor and appellant, and entries made therein reflecting the amount of credits and charges between the parties. Where any bonds were sold by the contractor before he had performed a corresponding amount of work, the proceeds of such were, under the agreement, deposited in the county depository bank and thereafter paid out as the work was done. Every sale of such bonds by the contractor was at a discount. He was accordingly charged on the books of the county with this discount; it representing the difference between what he had agreed to pay the county for the bonds and what he actually sold them for. To offset these charges for discount on bonds, the contractor was from time to time credited with the bills he would turn in each month covering the work done by him, which bills were called estimates. The parties proceeded in this manner until about the 2d day of August, 1921, at which time the county depository bank, The Security State Bank & Trust Company, failed. By this failure, a large amount of the proceeds from the sale of the bonds theretofore sold, in the manner detailed above, became impounded, the exact amount being $426,113.45. Subsequent to said failure, litigation was instituted for the recovery of said funds, and this litigation is still pending. Other bond money was likewise impounded by the failure of the First National Bank of Ranger, Tex., in an amount approximately $20,000, which, by litigation, has since been recovered.

There was some delay in the prosecution of the road work caused by the bank failures, and some litigation against the contractor by some private citizens of the county, but the work progressed at intervals up to the latter part of January or the first part

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of February, 1922, at which time, with the consent of the county, the contractor assigned his interest in the contract to Smith Bros., another road-building company. Smith Bros., assignees of Davisson, proceeded with the road work under the terms of the original contract up until the 29th day of December, 1922, at which time it was reported to the commissioners' court that the contract had been performed as to all roads except a portion of the Bankhead highway, and a request for settlement for such work was made. Thereupon the commissioners' court passed and entered on its minutes an order accepting said roads as completed, which order is found in the record. Immediately following the entry of this order, the then county judge and three individual members of the commissioners' court were succeeded in office by other officials who had been duly elected to succeed the previous court. Shortly after the new judge and commissioners qualified, an audit of the county books was made.

This suit was originally instituted by appellant against appellee, on the 17th day of December, 1923. The original pleadings have since been amended from time to time up to the filing of plaintiff's second amended original petition. In this pleading plaintiff alleged substantially all the facts above set forth, and alleged further that, as shown by the books of Eastland county, the Fleming-Stitzer Road-Building Company, after allowing credit for all work done, still indebted to said county in the sum of $64,160, covering the discount on bonds delivered, for which, under the contract, it and its sureties, the Southern Surety Company, were obligated to pay.

The plaintiff also alleged matters in reference to an injunction suit growing out of the main case, but same is not material here as the matter is now undisposed of in the Supreme Court.

The appellee Davisson alleged that in January, 1922, he had a final, full, and complete settlement with Eastland county, wherein all matters in controversy in this suit involving the bond discount were settled and adjusted by and between appellant and defendant, and, as evidence of such settlement, pleaded order No. 3 of the commissioners' court of said county, and pleaded same as a complete bar and as res judicata to this suit. Appellee Davisson further pleaded said order No. 37 of the commissioners' court as a bar to the suit, and that by a certain other order, known as order No. 38, by reason of appellee having sold and conveyed with the consent of the county his contract for the construction of roads to Smith Bros., and that, by the entering of said order, appellant was not entitled to recover.

The appellee Gregg alleged that he retired from the partnership of G. A. Davisson, and by reason of facts alleged he was released and that appellant was estopped from any recovery, and he further adopted the answers of his codefendant Davisson, and, by way of cross-action against appellee Davisson, sought recovery for such amount as appellant might recover against him.

The appellee Southern Surety Company pleaded that it was a surety on the bond of the Fleming-Stitzer Road-Building Company, and after general demurrer and general denial pleaded the assignment of the contract and alleged that its liability was transferred to Smith Bros., with the consent of appellant, and pleaded order No. 3 of the commissioners' court as releasing and discharging it from liability on the bond. The cause was tried before a jury upon special issues, and, from the answers of the jury to the special issues submitted, judgment was rendered denying appellant any recovery against appellee. The appellant's motion for a new trial being overruled, notice of appeal was given and same duly prosecuted to this court.

There are 71 assignments of error, but we believe there are a few controlling legal questions which dispose of the appeal and make it unnecessary to discuss all the assignments. This is recognized by the fact that a number of the assignments are grouped under the same proposition of law by the appellant. As we view it and as really treated by appellant, the first three propositions asserted are the main propositions of law involved. The first proposition of error advanced is as follows:

"Parol testimony was not admissible to contradict, vary, or add to the written orders of the commissioners' court, which orders were judgments of a court of record."

[1, 2] This proposition is submitted under 17 assignments of error and we will consider same as grouped, although strongly insisted by appellee that the grouping of the assignments violates the rules of practice in the appellate court. The assignments are so pertinent to the propositions, and so similar in application that we do not believe we do any violence to the rules in so treating same. We are very well aware that parol evidence is not admissible to contradict or vary the written orders and judgments of the commissioners' court, in the absence of allegations of fraud, accident, or mistake. This rule is fixed, understood, and enforced, and so well established there is no reason for debate or dispute of the proposition. Appellee Davisson having pleaded order No. 3 of the commissioners' court as res judicata and in bar of appellant's right to recover, the question is, Was it permissible, under the law, to introduce parol proof that the item of damages sued for was before the commissioners' court at the time of making such settlement and at the time of the passage of said order, and did the offered proof place

the appellee in the attitude of contradicting or adding to the order of the commissioners' court?

The said order No. 3 reads as follows:

"Therefore, Fleming-Stitzer Road-Building Company and Eastland county, on June 15, 1920, entered into a written contract for the construction of certain public highways and roads in Eastland county, Tex., and by the terms of which Eastland county covenanted and agreed to pay unto the said Fleming-Stitzer Road-Building Company for such road construction upon a unit basis and in amounts set forth and specified in said written contract and the plans and specifications made a part hereof; and

"Whereas, said Fleming-Stitzer Road-Building Company has performed certain work and furnished certain materials in keeping with their certain contract during the month of July, August, September, October, November, and December, 1921; and

"Whereas, the county civil engineer has made estimates of said work performed and materials furnished under said contract covering said amounts, and which estimates have been duly allowed by the commissioners' court of Eastland county, is now due for said services performed and material furnished by the said Fleming-Stitzer Road-Building Company, as shown by said estimates and under the terms and provisions of said contract; and

"Whereas, approximately $400,000 of the road funds in the possession of Eastland county, Tex., under the terms of said contract and realized from the sale of road bonds heretofore made, is now tied up in the Security State Bank & Trust Company and not available for the purpose of liquidating said indebtedness; and

"Whereas, the Fleming-Stitzer Road-Building Company has agreed to accept 495 Eastland county good road bonds at par and accrued interest at the date of said delivery; and

"Whereas, it is the opinion of the commissioners' court of Eastland county that such offer is for the best interest of Eastland county;

"Now, therefore, be it ordered by the commissioners' court that the county judge, C. R. Starnes, be and he is hereby directed to deliver unto the said Fleming-Stitzer Road-Building Company 495 Eastland county road bonds of the denomination of $1,000 each, taking its receipt therefor, and that the county auditor and the auditor of the county highway department of Eastland county, Tex., be and they are hereby directed to charge the said Fleming-Stitzer Road-Building Company with par value and accrued interest due on said 495 bonds at the date of their delivery, and credit Eastland county with such sum, taking the receipt of the said Fleming-Stitzer Road-Building Company for the full amount shown to be due on said bonds at the time of such delivery."

By bill of exceptions appellant objects to the following testimony of the witness, C. J. Starnes, county judge, at the time said order No. 3 was passed, said testimony being as follows:

"We were trying to settle up with Davisson and clean up at that time, and we took into account that, and, as we understood, it was a compromise settlement of the claims he had presented and been urged from time to time. The $56,160 item was taken into account with all other matters of indebtedness, but none of us took into consideration the $50,000 or the $8,000 item at that time. I mean the $50,000 bond sale, and the $8,000 item came in that Mr. Michaels testified to. I mean that we did not at all consider the $8,000 item that we claimed the bank had converted. The county got credit later on for the $50,000 with the exception of $8,000. You say you don't know whether I have made it clear to you as to just what items were taken into consideration when we arrived at the balance of $501,000. We were trying to clean up, settle up with Mr. Davisson; it looked at the time as if it was impossible to go on further. We wanted to get the scrip cared for. Everybody was suffering from that indebtedness. We took into consideration the retained percentage, which, under the contract, was to be held until it was finally closed up. We took into consideration this $56,160 worth of bond discount and certain amounts we figured were due him on material and equipment; we charged his account with that sum, or some of that. There were many, many items to make it up, estimates and charges backward and forward. The claims that have been presented here and additional claims were taken into consideration, and the bookkeeping and engineering department, after we decided on the items, got them together and decided the $501,000 was due Davisson. You ask me to state whether or not, in the passing of this order by the commissioners' court, at that time, there was taken into consideration all claims that were due by Davisson to the county and all claims that were due by the county to Davisson. I answer we were trying to make a final settlement, clean up with him, and took into consideration all items, from every standpoint on both sides. The item of $56,160 was also discussed."

The appellee Davisson in the same connection, over the objections of appellant, testified:

"In January, 1922, I had a settlement with the county of Eastland just prior to the time I sold out to Smith Bros. As to the settlement, we had up for discussion the amount the county owed me and the amount I owed the county, and they arrived at a certain amount they would pay me and square off, close up our contract as it then stood. In that settlement all of the claims that the county had against me and all the claims I had against the county were considered."

The appellee Davisson further testified that, at the time of settlement, the county owed him for labor performed and material furnished $501,846.11, and, in addition, $180,000 claimed by him under his contract, and that the county claimed he owed for the discount on the bonds sued for herein, and that it was agreed between them that the respective disputed claims be offset against each other, and he would be paid the said $501,846.11 in full, and that said settlement was evidenced by said order No. 3.

As stated by appellant in its brief, the one main question is whether or not G. A. Davis-

son can defeat the recovery of the balance he admits owing on the bonds, by offering the verbal testimony of himself and his partner, the former county judge, to the effect that the debt was settled by said order No. 3 of the commissioners' court.

[3] As we understand the authorities, when there is ambiguity in a judgment, parol evidence is admissible to show what was involved and settled by the judgment, and, further, where the judgment is silent and omits to explain matters and recitations, and the effect is not to contradict same, that then parol evidence is admissible to explain it.

The order No. 3 having been pleaded as res judicata and denial of recovery, it was proper to admit evidence that the claim sued upon was before the commissioners' court at the time of settlement and of making the order, and, as we view the matter, the testimony did not tend to contradict, vary, or add to the order, but was merely explanatory of what was before and considered by the court at the time the order was made. Karnes County v. Nichols (Tex. Civ. App.) 54 S. W. 656; Cook v. Burnley, 45 Tex. 97; Oldham v. McIver, 49 Tex. 556; Reast v. Donald, 84 Tex. 648, 19 S. W. 795; Davis v. Schaffner, 3 Tex. Civ. App. 121, 22 S. W. 822; District Trustees v. Wimberly, 2 Tex. Civ. App. 404, 21 S. W. 49; Barton v. Chrestman (Tex. Civ. App.) 275 S. W. 401.

In the case of Barton v. Chrestman the court says:

"It is well settled that upon a plea of res judicata the entire record, which includes the pleadings, of the suit in which the judgment relied upon was rendered may be examined for the purpose of explaining any ambiguity in the judgment itself. * * *

"Not only may the record be examined for this purpose, but extrinsic evidence is admissible to show what was involved and settled by the judgment when the record and judgment leave this matter in uncertainty, provided such evidence does not contradict the record and judgment."

We quote the following from District Trustees v. Wimberly, supra:

"The first error assigned complains of the evidence of County Judge Wimberly, showing that he was present and formed a part of the commissioners' court on the 28th day of March, 1889, when the order reconsidering the order made on March 26, establishing the boundaries of the school districts, was passed, for the reason that this fact could only be shown by the minutes of the court, and that parol evidence for this purpose was not admissible. The evidence objected to did not tend to contradict the record, but was simply explanatory of it. The minutes of the court for that day simply showed that three commissioners, naming them, were present, but did not say that any one else required by law as necessary to constitute a part of the court was not present. The failure of the record of the proceedings of the commissioners' court to state that the county judge was present was evidently an oversight of the clerk in preparing the minutes of the court. The evidence was properly admitted. The county judge being present with the three commissioners, constituted a full court for the transaction of business as required by law."

We believe that these authorities quoted from strongly support the ruling of the trial court in admitting this testimony. Clearly, the testimony did not contradict in any wise the record, but was an attempt to explain wherein the record was silent as to what was done, and, so far as we are advised, our courts have uniformly held that parol evidence is admissible to show what was involved and settled by judgment when the record leaves the matter uncertain, provided, always, that same does not contradict the same.

Our attention is directed by appellant to several cases, two of which, it is insisted, are similar and in point. In the first case (Gano v. Palo Pinto County, 71 Tex. 99, 8 S. W. 634), Palo Pinto county made a contract with Veal, Haynes, and Carruthers to subdivide, map, and classify different school lands belonging to the county. The suit was by Genoe, a subcontractor, who alleged that he rendered the services under the contract with Veal et al., and the court says:

"The order of the court as sued upon as a written contract and a copy of it is annexed to the petition as the foundation of the action. The plaintiffs cannot be permitted to prove simply that there was an understanding between the commissioners and the contractors, that they should employ subcontractors, because this would be to introduce oral evidence to vary a written contract."

The court further says the allegations are not sufficient to admit same on the ground of mistake.

In the case of Allen v. Read, 66 Tex. 13, 17 S. W. 115, the court holds:

"Where the record of an action is before the court, evidence to explain what was done or understood to be done therein was properly excluded."

We do not believe the holding in the above case is in any wise in conflict herein. A reading will show that the situation is not the same, and, certainly, it cannot be insisted that, under no situation, the holding would deny parol evidence of what was said or done by judgment, where the instrument did not reflect same. We do not understand that any of the authorities in this state are in conflict with the two cases we have heretofore discussed, which we consider are in point, holding that under the pleadings in this case the parol evidence was admissible to show what was considered and settled by said order No. 3.

We therefore conclude that, under the pleadings, said testimony of said witnesses was properly admitted by the court, and the same will be overruled.

[4] The second proposition made by appellant is as follows:

"The commissioners' court was without power to audit, settle, adjust, compound, or release the claim of $64.160 due from appellee Davisson and his surety to Eastland county, and any attempt to do so was void."

Of course, if Davisson was indebted to the county, the commissioners' court would have no authority to release same, and the only manner by which Davisson could be released and discharged would be by some legal character of payment. If the county was indebted to Davisson under the road contract in an amount equal or in excess of the amount he owed the county, the commissioners' court had full authority to offset one against the other and to pay Davisson any balance, if any, owing, and such transaction would not be compounding or releasing a debt to the county, but would constitute, in law, a payment.

In other words, if Davisson owed the county the $64,160 and the county owed Davisson a like sum, we can see no good reason after allowing Davisson's claim, which the commissioners' court did have authority to do, that it would then be necessary for Davisson to pay his debt to the county and the county, in turn, pay Davisson its debt; but, certainly, the county did have authority to balance accounts, or, in settlement, to offset one legal debt against the other. Felts v. Bell County, 103 Tex. 616, 132 S. W. 123.

In the Felts Case, among other things, the court says:

"There is no conflict in the evidence in this case and the one question which presents itself for consideration is, Does the evidence show any right of action in favor of Bell county against either of the defendants? It is a clear proposition of law that Judge Felts, being a member of the commissioners' court of Bell county, which had full charge of the finances of the county, could not by purchasing the land in question at the sale made by the sheriff at his instance acquire a title thereto as against the county. The purchase vested in Felts the legal title to the land with an option in the county to claim the benefit of the purchase and take the land or to receive from Felts the proceeds of the sale, the amount of his bid. * * *

"The evidence shows that the county declined to accept a conveyance from Felts, but elected to receive from him the price of the land, which he paid in settlement by which the county got credit on a debt due to Felts for the sum bid for the land. A credit on the county's debt was a payment and had the same effect as if the money had been paid by Felts. * * *

"The conclusion that the Court of Civil Appeals reached, that the settlement between Felts and the county was void, is erroneous. The commissioners' court had jurisdiction over the financial affairs of the county and had the authority to make an adjustment between it and any person where there were mutual claims; it is the same thing as if Felts had paid the amount of his bid to Bell county and the county

had then paid the same money to Felts. We therefore hold that the settlement made between Bell county and Felts was valid and binding upon the county. It is not sought in this action to set the settlement aside, nor is there any evidence to justify such action."

In answer to special issues Nos. 1 and 2, the jury found as follows:

"First Special Issue. Under the settlement between Eastland county and G. A. Davisson, as evidenced by order No. 3, of date January 2, 1922, with the commissioners' court of Eastland county, was the item of $56,160, representing discount on good road bonds, taken into consideration and payment made therefor by balancing off a sum its equal or more, which the county owed the defendant G. A. Davisson? Answer. Yes or No. (Answer: Yes.)

"Second Special Issue. Under the settlement between Eastland county and G. A. Davisson, as evidenced by order No. 3, of date January 2, 1922, with the commissioners' court of Eastland county, was the item of $8,000, representing discount on good road bonds, taken into consideration and payment made thereof by balancing off a sum its equal or more, which the county owed the defendant G. A. Davisson? Answer. Yes or No. (Answer: Yes.)"

The commissioners' court, as found by the jury, adjusted and offset accounts. We do not understand that in doing so the commissioners' court was violating any law, nor exceeding any authority and power prohibited by law. Jeff Davis County v. Davis (Tex. Civ. App.) 192 S. W. 291; August A. Busch v. Caufield (Tex. Civ. App.) 135 S. W. 244; Watson v. El Paso County (Tex. Civ. App.) 202 S. W. 126; Edmonson v. Cummings (Tex. Civ. App.) 203 S. W. 428; Williams v. Uzzell, 108 Ark. 241, 156 S. W. 843; article 2351, § 10, Revised Statutes 1925.

Of course, as insisted by appellant, the commissioners' court had no authority to compound or release Davisson's debt, but the findings of the jury, if supported by the evidence, exclude the idea that any such thing was done, but that, on the contrary, that settlement was made of Davisson's debt due the county by offsetting a debt, equal or more, which the county owed Davisson. We therefore do not see the applicability of the proposition made to the facts in this case. Questions of law arise from the facts and from the conclusions of the jury, that which appellant complains was done, did not take place, and that is that the commissioners' court compounded and released Davisson's debt to the county.

None of the authorities, so far as we can construe, cited by appellant, could be understood to mean that the commissioners' court had no authority to settle Davisson's debt due the county by offsetting a debt the county owed Davisson. In all the cases insisted upon by appellant, the commissioners' court undertook either to release or give something, and in none of the cases was it found

that the debt was paid, as found by the jury in that case.

The appellant directs our attention to many authorities, and in addition refers us to section 18, art. 5, of the Constitution.

Section 55 of article 3 provides:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any incorporation or individual, to this state, or to any county or other municipal corporation therein."

Appellant cited Bland v. Orr, 90 Tex. 492, 39 S. W. 558. In the Bland v. Orr Case, the treasurer of Jones county was in default to the county in the sum of $2,800, which he could not pay, and the county, by order, purported to purchase certain land, paying therefor $1,514.86, and accept promissory notes and release the principal and sureties on his bond, and the court held that the commissioners' court did not have authority to compromise the debt.

In the case of Slaughter v. Hardeman County (Tex. Civ. App.) 139 S. W. 662, the commissioners' court undertook to settle a claim due the county for lands wrongfully purchased; the commissioners' court undertook to convey the land in controversy without receipt of anything whatever of value, and, as stated by the court, the transaction, as a whole, amounted to a gift forbidden by the Constitution.

In the case of Shelby County v. Gibson, 18 Tex. Civ. App. 121, 44 S. W. 302, the commissioners' court undertook to pay the contractor a reasonable price for certain work, building a courthouse, the compensation being for services over and above the contract price, the occasion being that the contractor suffered certain losses under his contract by reason of weather conditions, and the court held:

"Article 3, section 53, of the Constitution of this state declares that the Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee, or allowance to a public officer, servant, or contractor, after service has been rendered, or a contract has been entered into and performed in whole or in part. This is a denial of power to counties to pay to a contractor a greater sum than that contracted to be paid him for work after it has been commenced."

We do not think further discussion of the cases relied upon by appellant is necessary. In all those cases the commissioners' court undertook to give something or to release in some way a debt or claim owing by the county. In this case, as we have stated, under the findings of the jury, the thing that was done by the commissioners' court was that they collected a debt and settled an equal amount, and as contended by appellee Davisson, a greater amount. In other words, if the findings of the jury are true, the action of the commissioners' court in making the settlement was of interest and service to the county. As a court herein, reading the record, we might have a different view of the facts, and likewise a different opinion as to the wisdom of the trade and settlement, but that conclusion would be immaterial if we find that there is evidence to support the findings.

We believe that, under the allegations of appellee Davisson's answer and the finding of the jury as to what the commissioners' court did, said transaction of the court in making settlement and offset is not forbidden by law, and the commissioners' court, as representatives of the county, in the absence of any charge or proof of fraud, were acting fully within their statutory authority, and the assignment will be overruled.

[5] The third proposition urged by appellant is as follows:

"The evidence was insufficient to support the findings of the jury that payment of the county's claim of $64,160 against the contractor was made by balancing off a sum its equal or more, which the county owed the contractor."

[6] This court has heretofore, in following the former decisions of our court, announced that we will not disturb the verdict of a jury where there is some competent evidence to support the findings. It is not within our province to pass upon the credibility of the witnesses and the weight to be given their testimony. It is not for us to substitute our judgment of facts for the jury, and therefore, in considering this assignment, we may look only to the record to see if there is some evidence to sustain the findings. We have heretofore incorporated in this opinion order No. 3 of the commissioners' court, as well as some of the testimony of Starnes and Davisson which relates to this assignment. The testimony of Starnes and Davisson was to the effect that a settlement was made by offsetting an indebtedness of Davisson due the county, with a debt of the county due Davisson, growing out of the road construction work. The appellee Davisson testified that he had a claim of something like $180,000, which was settled by the county offsetting the item of $64,160. There was testimony that this claim of $180,000 of Davisson's over and above the sum he was paid, as set out in order No. 3, was considered in a settlement, and so much thereof allowed as a claim against the county and as an offset against the claim of the county against Davisson.

In testing whether there is evidence to support the verdict, we do not deem it necessary to consider what is insisted as contradictory settlement, by admissions of the witnesses, because that would only go to impeach or challenge the weight to be given

their testimony, and these are matters the effect of which should have and was considered and passed upon by the jury.

As we view the facts we have quoted and the entire record, there is evidence to support the finding of the jury, and we would not feel authorized or justified to disturb those findings.

It is true that order No. 38 seems to contradict the contention urged by appellee that the debt had been settled by order No. 3, made in the preceding February, and seems also to contradict the recitations in order No. 37, passed the same date, but same is merely argumentative and was a circumstance of argument for the jury to consider in weighing and viewing the testimony. It does not appear that this order was either made at the solicitation or knowledge of Davisson.

If, as found by the jury, order No. 3 was a settlement of Davisson's indebtedness due the county, then said order became the judgment of the commissioners' court and was binding on all the parties, and any action thereafter taken relative to matters disposed of in said order would be void and without legal authority. As stated in Busch v. Caufield, supra:

"If the act of the commissioners' court in approving the claim in question was a judicial, and not an administrative act, then we think it is clear that the attempt on its part at a subsequent term to rescind the order was without authority, and therefore nugatory."

There is no allegation of fraud upon the part of the commissioners' court in making the settlement and the order. Our inquiry therefore is confined by this assignment to whether there is some competent evidence to support the findings of the jury. We are not prepared to say that the jury was not authorized and justified, if they believed the testimony, to find the settlement was made, as stated in their findings of fact, and under their findings and facts in evidence we are constrained to overrule the assignment.

The fourth proposition is as follows:

"The trial court erred in its charge on the burden of proof relative to special issues Nos. 1 and 2."

The court's charge on the burden of proof was as follows:

"The burden is upon the plaintiff to establish, by a preponderance of the testimony, the negatives of issues Nos. 1 and 2."

In the case of Barkley v. Tarrant County, 53 Tex. 251, the court says:

"A settlement between the parties would prima facie be presumed to have embraced all prior transactions between them, relating to the same subject-matter, and unless the settlement was sought to be set aside by allegations and evidence of fraud, accident, or mistake, this presumption would be conclusive."

[7] It would seem that all the items were considered at the time of passing order No. 3, and appellant, in attacking the settlement, insists that same did not include the indebtedness of Davisson due the county, that the burden would be upon appellant to establish that said items were not included in such settlement. S. W. Teleg. & Tel. Co. v. Luckett, 60 Tex. Civ. App. 117, 127 S. W. 856; Clark v. Hills et al., 67 Tex. 141, 2 S. W. 356.

Again, in the light of this record, as well as the position now taken by appellees, we do not see that any harm was done the appellant. As stated in the brief of appellant, the main question involved in this case is whether the parol testimony was admissible, and, as we understand, the rights of the parties stand or fall under the true legal conclusion of that matter.

It is our conclusion that all the assignments be overruled, and said order makes unnecessary the consideration of points urged by the other appellees in this case.

We believe the trial court properly admitted the parol testimony, that the commissioners' court had full legal authority to make the settlement as found by the jury in its verdict. There is competent evidence to support the verdict of the jury, and, finding no error requiring a reversal, the judgment of the trial court will be affirmed.

HILL, Special Chief Justice, and LITTLER, J., concur.

PANNILL, C. J., disqualified.

On Motion for Rehearing.

PER CURIAM. Rehearing denied.

LITTLER, J. (dissenting). The writer concurred in the original opinion filed in this court on the ——— day of ———, 1926, being then of the opinion that the testimony of Davisson and Starnes was admissible.

Appellant has filed a very able motion for rehearing, raising the question as to the sufficiency of the testimony upon which the verdict was based, and the writer regrets that he cannot agree with the majority of the court holding that the evidence was sufficient and thereby overruling appellant's motion for rehearing.

The writer regrets very much to file a dissenting opinion at this time, but, being so thoroughly convinced that the evidence is not sufficient to support the findings of the jury, I most respectfully dissent to the opinion of the majority.

Portions of the argument of the appellant, on motion for rehearing, correctly state the facts and the principles of law to be applied thereto, and are adopted, and are as follows:

We submit that the burden was upon appellee Davisson to prove that he had a final settlement with Eastland county at the time

order No. 3 was entered, then we believe the record conclusively shows that he had no such settlement, and that no competent evidence to sustain that contention was interposed. The court's opinion treats order No. 3 as the judgment of a court of record, and holds that the evidence of Starnes and Davisson supports the finding that, at the time said order was passed and as a part thereof, the commissioners' court allowed credit to Davisson on claims the latter was making for enough to offset the items of $56,160 and $8,000 sued for, and that the burden was on appellant to prove the negative of this defense asserted by him.

In legal effect, the decision in this case puts such a plea on the same footing with a plea of non est factum. That this is incorrect is manifest and so declared by all the authorities. It is elementary that the burden of proof is always on the party asserting a matter; on the plaintiff as to his cause of action, and on the defendant as to his matters of defense. The plea of the bar of a judgment is a defensive matter. In order to avail himself of such a defense, the defendant must plead it. City of Houston v. Walsh (Tex. Civ. App.) 66 S. W. 106, and authorities cited; Texas & Southwestern Digest, vol. 15, Title, "Judgment," ⊂══948. Appellant did not plead order No. 3, and in order to be available to the appellee, he must plead it. Mullinax. v. Barrett (Tex. Civ. App.) 173 S. W. 1181. In all cases where a party interposes such a plea as that his adversary is concluded by a former judgment, the burden is on the party making such a plea to prove that his adversary is so concluded. This is the universal rule.

The rule is thus stated in Freeman on Judgments (5th Ed.) § 768:

"As a general rule, the onus of establishing an estoppel or bar is by law cast on him who evokes it. He has the burden of showing that the judgment relied upon by him adjudicates the matter in question." Bandy v. Cates, 44 Tex. Civ. App. 38, 97 S. W. 710; Tompkins v. Hooker (Tex. Civ. App.) 200 S. W. 194; Hamman v. Presswood (Tex. Civ. App.) 120 S. W. 1053, on rehearing.

In Cook v. Burnley, 45 Tex. 97, cited by this court to sustain its conclusion that the evidence of Starnes and Davisson was admissible, it is said:

"If, from the record alone, no intimation is given whether a particular matter has been determined or not, it is incumbent upon the party alleging that a question has been settled by a former adjudication to support his allegation by proof aliunde."

What could be plainer than this?

In Bandy v. Cates, supra, Cates sued Brown on a debt and to foreclose a deed of trust. Brown pleaded a general denial, limitation, and innocent purchaser. A verdict was instructed for Brown. Then Cates had the trustee sell the property, and became the purchaser at the sale, and brought suit in trespass to try title. Brown pleaded the judgment as a bar to Cates' suit, but introduced no evidence showing that the validity of the debt was adjudicated. The court held the burden was on the defendant, and that his plea did not avail him. These authorities cannot, we submit, be distinguished nor their applicability denied. The court evidently did not place its holding as to the burden of proof on the ground that the plea of res adjudicata proved itself, inasmuch as the cases cited in the opinion, and evidently carefully considered, hold directly to the contrary, as shown above, but cites Barkley v. Tarrant County, 53 Tex. 251. This case does not hold that, where a settlement is alleged by the defendant, the burden of proof is on the plaintiff to show that there was no settlement, or, in other words, that a plea of settlement proves itself, but that where a settlement is shown all prior items are presumed to have been included. This rule is stated in 12th C. J. Title, "Compromise and Settlement," p. 364, § 76:

"Where a party alleges the existence of an agreement of compromise of the matter in controversy, the burden of proof devolves on him to establish the same; and this burden remains on him throughout the trial, notwithstanding the presumption that a settlement covers all past transactions." Bergman Produce Co. v. Brown (Tex. Civ. App.) 156 S. W. 1102; Meyers v. Grantham (Tex. Civ. App.) 187 S. W. 532; Weller v. Burns (Tex. Civ. App.) 210 S. W. 861.

In this case it is said:

"The burden of proof was on Weller [the defendant] to establish his plea of compromise and settlement."

The cases of Telegraph Co. v. Luckett and Clark v. Hiles have not the remotest bearing on this question.

We submit that this question was wrongly decided. Nor can this error be disposed of on the ground that it was harmless.

As we have attempted to show, the question as to whether order No. 3 adjudicated the debt, which appellee admits he owed, is most vital. We will hereinafter attempt to show that the evidence introduced by appellee did not raise the issue of res adjudicata, and that such evidence as was offered was incompetent and inadmissible. If the burden was on appellant, to urge these points would become futile, for to show that the issue was not raised by competent evidence would avail us of nothing, if we were required to disapprove the allegations of the defendant's answer, because, in such case, the presumption would still obtain that the plea was good. Where the court incorrectly instructs the jury as to the law, injury is presumed. The Court of Civil Appeals is not authorized to disregard a material error in misdirecting

the jury as to the law, under rule 62a, Lancaster v. Fitch, 112 Tex. 293, 246 S. W. 1015; Eastern Electric Co. v. Baker (Tex. Com. App.) 254 S. W. 933. This rule has been consistently applied by this court. Lancaster v. Bradford (Tex. Civ. App.) 279 S. W. 607.

In Wichita Valley Railway Co. v. Williams, 288 S. W. 425, this court in an opinion by the same justice who wrote in this case so held and so plainly stated.

In order for an erroneous charge to be classed as harmless error, lack of prejudice must clearly appear. Osceola Oil Co. v. Stewart, 258 S. W. 806.

In this case, the Court of Civil Appeals' decision was reversed for the very error appearing in this decision.

To the same effect is Humble Oil & Refining Co. v. McLean, 280 S. W. 557, both by the Supreme Court, opinions by the Commission.

The learned trial court, in effect, charged the jury that the burden was upon appellant to show that the items sued for were not settled by order No. 3, which, on its face, related to matters entirely different from the ones in suit.

With these observations, we now proceed to a consideration of the question as to whether any competent evidence was introduced to support the judgment. The first question is whether the parol evidence offered contradicted in any manner the recitals in order No. 3. If such is the fact, then the evidence is not receivable. This cannot be denied. In section 767, p. 1624, Freeman on Judgments (5th Ed.), the rule is stated:

"Parol evidence is admissible only in aid of the record. It is important, therefore, that the evidence offered to explain a record should not contradict it."

See S. W. Dev. Co. v. May (Tex. Com. App.) 235 S. W. 529, where it is said:

"This issue involves a proper construction of the verdict and judgment in the former case. They must be construed by their own recitals read in the light of the record in the case in which they were rendered. Parol evidence is not admissible to contradict, vary or limit them."

Order No. 3, in effect, recites that appellant was due Davisson the amount of the principal and accrued interest of 495 bonds of $1,000 each, which was due for work and labor furnished during the months of July, August, September, October, November, and December, 1921.

Now the appellee says he can, in this proceeding, be permitted to show that, in entering this order, he was allowed credit for an additional sum of $64,160, and that what the court really did was to adjudge that the sum due him on estimates was $565,160. It would seem just as proper, in a case where a court had decreed plaintiff a certain sum on a cause of action, to allow him subsequently to show in another controversy that the court

really allowed him twice that much without amending the judgment. Where the commissioners' court finds a certain sum due, it is certainly varying that order to prove that he allowed a different one.

In addition to the above, the uncontradicted testimony of Davisson shows that he waived the matter on which he now relies and thereafter agreed with the commissioners' court that he did owe the item of $56,160.

It is well settled that if a party to a decree thereafter enters into a stipulation or agreement with adversary with respect to the merits of the former adjudication, or thereafter proceeds to trial and a new judgment, he waives the first decree. Stephenson v. Miller-Link Lumber Co. (Tex. Com. App.) 277 S. W. 1039.

In that case, in declaring the rule as to the conclusiveness of a former judgment, it is said:

"Of course, if the judgment in the injunction proceeding had been set aside, or if in the subsequent proceedings any agreement has been made, * * * or other fact whatsoever would require the application of any principle of equity to relieve against the otherwise binding effect of this prior judgment, we would not, * * * hesitate to look most diligently into such contention. It has been held that one who has caused a second judgment to be entered cannot claim the earlier one to be the final judgment. So a vacation of the first judgment may be implied where the parties by agreement thereafter proceed to trial and a new judgment."

The statement in the opinion that Davisson did consent to the order postponing payment is incorrect, as the record shows that Davisson on two occasions thereafter agreed with the court to the entry of orders recognizing his indebtedness to the county for this item. In February, after order No. 3 was entered in January, he sold out to Smith Bros., he procured the entry of an order authorizing the transfer of his contract to Smith Bros., and in this order it was recited that Davisson should remain liable to the county for all indebtedness due by him to the county. S. F. p. 186–189. And this, after the entry of Order No. 3, which he now says settled all his debts to the county. In the order entered in February, Smith Bros. assumed all the indebtedness due the county that appeared on its books except the item sued for. In December he agreed that the payment for the item of $56,160 should be postponed. Davisson testified:

"You ask me if I was not asked the question whether or not you stated either to Judge Starnes or any one else representing the county that anything was to be done with this $56,160 that that was to be wiped out or not, and if I did not answer that everything was to be cleaned up at that time, as I understood from them. The $56,000 was not to be collected until such time as the county could make the money available at which time they could. I was willing to go ahead and do the work un-

der the contract and to pay the $56,160. I now answer, Yes, sir.

"You ask if Judge McRae did not ask me this question. All right now, then, you are suing here. You are offsetting this $64,160 that is still due on these bonds, is it not, that has not been settled and if I did not answer then, only $56,160, Judge, but not $64,160. I answer now, I am certain I answered that way, that I had not settled. S. F. p. 111.

"You ask if the real truth of the matter is not that (referring to the item of $56,160) was to be deferred until this money could be collected, and I answer that is the way this order reads. That is correct, and, as it now appears, it really was not taken out. When this money becomes available, under my contract, I am ready to pay it. * * * The order postponing it was made after order No. 3. S. F. p. 113.

"You ask if I was not asked the question on another trial. You proposed and it was then agreed that the payment of that $56,160 should be postponed until such time as the money was available, and if I did not then answer. They proposed that to me, and I accepted. I now answer, I am certain that is correct." S. F. p. 113.

The statement in the opinion that Davisson did not consent to the order postponing the payment of the item of $56,160 is not only without anything to support it, but is in direct contradiction to the testimony as copied above.

This testimony conclusively shows that Davisson did consent to the entry of these orders and expressly recognized, after order No. 3 was entered, that he was indebted to appellant in the sum of $56,160.

As to the item of $8,000, he does not contend that it was settled by said order No. 3. In answer to questions by his own counsel, as shown on page 111, S. F., he states that he was only claiming an offset as to the $56,160, and not the $8,000.

Starnes, the only other witness who testified on the point, says:

"None of us took into consideration * . * * that $8,000 at that time."

"I mean that we did not all consider the $8,000 item that we claimed the bank had converted." S. F. p. 73.

How, in the face of this testimony, can Davisson's contention that order No. 3 settled these items be sustained? No more pertinent situation to the rule announced in Stephenson y. Miller-Link Lumber Company, supra, could be imagined. Here, for nearly a year after the order pleaded as a bar was entered, we find appellee, time after time, procuring and consenting to orders recognizing the validity of his indebtedness and providing for its payment. When his attention was first called to this matter, on the first trial, he relied on order No. 38 to defeat appellants' suit. He did not then plead nor contend that order No. 3 released him from the items sued on, but claimed that, if order No. 38 did not defeat the county's suit, he was entitled to

spend the amount of $400,000 in which he would pay the $64,160, and brought suit and enjoined the county from spending any of the bond money, which suit is now pending. This plea of res adjudicata is an afterthought.

Furthermore, the testimony shows that the claims which Davisson now claims were offset against the item sued for were settled by the allowance of an amount not to exceed $40,000, and that the engineer finally allowed $36,388, which was accepted by Davisson in full settlement of his claims, which he now says were used to offset the amount due by him on said bonds.

Starnes says:

"We did have before us at that time [the time order No. 3 was entered] these various claims [the claims Davisson is now urging], it seems to be these amounts, but they were on white paper and also other claims, one for attorney's fees and one for difference in the maturity either fifty or sixty thousand. I have forgotten. As to how much was allowed on these claims, the discussion with Mr. Echols was that there was at least $40,000 of them that ought to be paid and the court allowed not to exceed $40,000. You ask if I had credited on the books at the time in favor of Fleming-Stitzer Road-Building Company, thirty six thousand and some odd dollars. I answer that I think that the notations were made after the court orders." S. F. p. 80.

Davisson testified:

"You state you will read the other question again. I believe you have testified you took that at the time in full settlement and I answer, yes; and then the further question was asked me, of all claims you had against the county up to that time [when order No. 3 was entered], and I then answered, Yes; that is my understanding. Yes, sir. I now answer, Yes, sir; that is right." S. F. p. 117.

The witness De Graffenreid, in reference to this matter, said:

"There was some claims that aggregated $89,000 and I was directed to allow some $36,000 out of that and all the rest of his claims. You ask if I was directed by the commissioners' court and highway engineer to allow thirty six thousand odd dollars out of the claims presented. I answer they allowed approximately $40,000." S. F. p. 18.

The testimony of appellees was that all these claims, some for wrong classification, for attorney's fees, and for damages in the difference in the maturity of the bonds, were all presented and the commissioners' court allowed thereon an amount not to exceed $40,000, to be figured by the engineer. The engineer calculated the amount due to be approximately $36,000, and this was allowed and entered on the books of the county. See ledger sheet, S. F. 264. Here was a definite order made by the commissioners' court and evidence thereof entered of record. This destroys the claim of appellees that said

amounts were offset against the item sued for.

The written account on which the commissioners' court acted was in evidence (S. F. p. 193), and it shows conclusively that the items sued on were not settled nor before the court at the time order No. 3 was entered, but that all of Davisson's claims against the county were presented and he was allowed $499,888.-45 and bonds of the county delivered to him in payment therefor, and of the claims which he now claims were used to offset the $64,160 due for the bonds, $36,388.49 was allowed in full settlement therefor.

There is no testimony that the commissioners' court offset the $64,160 with claims Davisson had against the county. All Starnes testified was that the court considered the $56,160 and did not think there was much merit to it. He further says that the items in controversy were not deducted from the amount Davisson claimed. That Davisson said, "Let's forget that $56,160; let's end it, and go on with the other accounts"; and that he, witness, did not think Davisson morally owed it.

Davisson says that it was his understanding that the $56,000 was to be wiped off and he would not have to pay it, and, when pressed as to the details, admitted the court never did allow the $56,160 to be offset by his claims. All such testimony as to Davisson's understanding and what Starnes thought are mere conclusions and cannot form the basis of a verdict or judgment.

Starnes never stated anything stronger than that the $56,160 was considered, neither did Davisson.

The issues were, did the commissioners' court take into consideration the item sued for and was payment made therefor by balancing off a sum, its equal or more, due Davisson by the county? Where is the testimony that the commissioners' court allowed Davisson more on his claim than the $36,-388 credit?

The testimony of Davisson that he had a settlement and that the county agreed to "clean up" with him is merely a conclusion and cannot be used to override the positive testimony to the effect that long thereafter he admitted to the commissioners' court that he owed this $56,160, and agreed to pay it and on the stand testified that he never had paid it. His testimony in this respect is as follows:

"It was my understanding that $56,160 was to be wiped off the slate and I would not have to pay it, but we were to close up all our accounts one way or other, and I think I testified it was my idea that I would not have to pay that $56,160.

"I did not pay them anything for that, nor did I do any work for it. They was just to release me from it." S. F. pp. 112, 113.

It is well settled that a verdict cannot be based on the conclusions of a witness. Holstein v. Adams, 72 Tex. 490, 10 S. W. 563. In this case, Stayton, Chief Justice, wrote:

"The bill of exception shows that appellant proposed to prove by his own evidence and that of two other witnesses that he had made the improvements alleged, and that they were of the value stated in his plea, and further that they were placed on the land in good faith. The bill is full as to the two items of evidence first named, but is it sufficient as to the last? The witnesses would not have been permitted to state that the improvements were made in good faith but would have been required to state the facts. * * * The bill of exceptions not showing that either of the witnesses would have stated a single fact from which the court might have found good faith we cannot presume that they would." Stovall v. Martin (Tex. Civ. App.) 210 S. W. 321.

In that case, a verdict was rendered in favor of the defendant on the issue of ownership of cattle sued for. The defendant testified on the witness stand that the cattle belonged to him, but the testimony also, with reference to the marks and brands admitted by him, showed that the cattle were not his, and the Court of Civil Appeals for the Second district held the evidence insufficient and reversed the case, although the appellees contended, as here, that there was evidence sufficient to raise an issue based on the defendant's testimony that the cattle belonged to him, but the court held that this testimony amounted to a conclusion only, and could not override the other uncontradicted facts and circumstances in the case.

We submit that this case is on all fours with the case at bar. Davisson's and Starnes' testimony that there was a settlement, and that they understood that everything was to be wiped off and cleaned up, cannot override the language of order No. 3 itself, and the positive testimony that long thereafter, with the consent and with the procurement of the defendant Davisson, his indebtedness to the county was recognized, and that he agreed to pay it as soon as the money was realized out of the defunct bank.

In the case of Cullers v. Gray (Tex. Civ. App.) 57 S. W. 305, a witness was permitted to testify that the wood in controversy belonged to the debtor in execution, and on this testimony a verdict was rendered, and the Court of Civil Appeals held that this was but a conclusion and inadmissible.

In the case of Webb v. Reynolds (Tex. Com. App.) 207 S. W. 917, the plaintiff sued upon a note which was on its face the property of an estate. He testified on the trial that he was the owner of the note sued on, but other facts and circumstances introduced, which were not denied by him, showed that the note was the property of the estate. The Supreme Court, speaking through the Commission of Appeals, held that his testimony that he was the owner of the note was a mere conclusion and insufficient and inadmissible. This same

principle was recognized by the court in the case of Austin v. Conaway (Tex. Civ. App.) 283 S. W. 189. In that case, quoting the rule as stated in Freeman on Judgments (5th Ed.) 132, it is said:

"While it [speaking of a judgment] can be neither sustained nor explained by reference to the understanding of the parties, even though entered pursuant to stipulation, or the prior or subsequent statements of the court as to its intention when the judgment was rendered, nevertheless the effort should be to give effect to it in its entirety and to sustain the judgment as a whole where this can be done."

In the case of Hightower v. Bennight, 53 Tex. Civ. App. 120, 115 S. W. 875, it was held that it was incompetent for a judge to testify as to his understanding and intention in rendering a judgment. That this is all that Starnes and Davisson testified to; they testified to their understanding. Nobody ever testified that the commissioner' court ever agreed to allow Davisson more than $40,000 on the claims he presented; an amount not to exceed that sum. In fact, with the uncontradicted testimony showing that this amount was allowed on this claim precludes any idea that a greater sum was allowed. It is not permissible for a partner or witness to testify as to his understanding. He must testify to what was said or the substance thereof.

In 22 C. J. Title, "Evidence," p. 515, the rule is stated:

"A witness cannot state his understanding of the language used in a written contract, deed, letter, or other writing, or of the meaning of words, phrases, statements, or figures therein, or what was the intention or understanding on which it was executed. Neither can a witness state the impression made on him by oral statements, his inference as to whether the statements of practice at an interview resulted in a contract, or whether there was an understanding between them on a given point, or his understanding as to what the contract is. Nor can one who heard a statement or conversation testify as to what he or another person understood by it." Shaller v. Johnson (Tex. Civ. App.) 189 S. W. 553; Edwards v. State, 78 Tex. Cr. R. 210, 181 S. W. 195; Buzard v. McAnulty, 77 Tex. 438, 14 S. W. 138.

The decision herein says that while order No. 3 seems to contradict the contention urged by appellee that the debt had been settled by order No. 3, but that the same is merely argumentative, and it does not appear that the orders were made at the solicitation or knowledge of Davisson. As we have heretofore shown, the record is uncontradicted, and Davison testified, "they proposed and he accepted" the terms of order No. 38, and that both the orders made in February authorized him to transfer his contract to Smith Bros., provided that Davisson should not be released, but should remain liable for all indebtedness due the county, and the only indebtedness due the county and car-

ried on the county's books was the item of $56,160. The item of $8,000 had not then been entered on the books, and the court further says that if said order No. 3 was a settlement of Davisson's indebtedness to the county, then said order became the judgment of the commissioners' court and was binding on all parties, and that orders entered thereafter with reference to said matter would be void. In making this statement, the court overlooked the positive testimony, uncontradicted, that before order No. 3 was ever entered an agreement was had between Davisson and the commissioners' court, that of all the claims which Davisson then had pending against the county, and out of which he seeks to offset the item sued for, that the commissioners' court agreed to allow him an amount not to exceed $40,000, and that Davisson accepted that offer and that the engineer was directed to calculate the amount, which he did, and entered his credit upon the books, and this was accepted by Davisson and the bonds delivered to him on that basis. When this was done, under the holding in this opinion, this transaction became an order of the commissioners' court, and no understanding or agreement thereafter could effect or change it.

Appellant pleaded accord and satisfaction and a full settlement of these claims for $40,000. If the opinion of the court is the law, appellant had to do nothing more than plead this settlement in bar of appellee's claims, and the burden was on appellee to show that they were not settled by the allowance of $40,000, as alleged. We then have the anomalous situation of the burden of proof being on both parties, and all subsequent transactions barred from the evidence as invalid and void. A mere statement of this situation shows the incorrectness of the judgment herein.

The effect of the testimony being that the county was to postpone the payment of these items until the money was realized of the defunct Security Bank & Trust Company, a finding that it had been paid is without evidence to support it.

This is simply a case where, then, the evidence is stripped of conclusions (which cannot support the verdict), that then the verdict is without evidence to support it.

The commissioners' court could not release the debt. Article 3, § 55, of the Constitution, forbids this. Bland v. Orr, 90 Tex. 492, 39 S. W. 558; Slaughter v. Hardeman County (Tex. Civ. App.) 139 S. W. 662; Tarrant County v. Butler, 35 Tex. Civ. App. 421, 80 S. W. 656.

The bonds must have been paid for in cash at par accrued interest or in its equivalent in work or material. In order to defeat the recovery, the evidence must show that payment was, in fact, made, not that the commissioners' court said it was. American Surety Co. v. Hill County (Tex. Civ. App.) 254 S. W. 241; Id. (Tex. Com. App.) 267 S. W. 265.

Davisson having accepted $36,388 in full settlement of all his claims against the county at the time order No. 3 was entered, his cross-action therefore fails.

When he (Davisson) transferred his control to Smith Bros., he did not reserve any claim thereunder, and the right to work out the amount impounded in the bank passed to his assignee. While Smith Bros. owned the contract, they agreed with the commissioners that no further work would be done under the contract. After this suit had been filed and once tried, appellee secured an assignment of Smith Bros' rights thereunder, for a recited consideration of $1, and on this assignment predicate the cross-action for lost profits, on account of not being allowed to work out the amount impounded by the bank failure referred to. The contract having been terminated by mutual consent as to further performance by the county and Smith Bros., the latter had nothing to reassign to appellee, as this court held in Eastland County v. Davisson, 277 S. W. 781.

In view of the fact that Davisson, Gregg, and the Southern Surety Company were all liable for the face value of the bonds at the time they were delivered, they would remain liable until payment was made, in fact. American Surety Co. v. Hill County, supra.

The commissioners' court being without power to release or extinguish, or to compromise or settle the debt in any manner than by actual payment, such court could not, by any act, direct or indirect, release either Gregg or the surety company.

The judgment of the trial court should be reversed and here rendered for appellant.